300 So.2d 834

**Richard Eugene ROMEI**

v.

**Frances Laura ROMEI.**

**Civ. 284.**

Court of Civil Appeals of Alabama.

June 28, 1974.

Rehearing Denied Aug. 7, 1974.

Harold P. Knight, Birmingham, for appellant.

Sirote, Permutt, Friend & Friedman and James A. Harris, Jr., Birmingham, for appellee.

**WRIGHT, Presiding Judge.**

This appeal by the respondent emanated from the equity division of the Circuit Court of Jefferson County, Alabama, and is from a decree awarding a divorce, periodic monthly alimony, a division of property acquired during the marriage, child custody, and child support, to complainant (wife) against respondent (husband).

Appellant has stated four assignments of error, and in brief argues them in bulk. Appellee submits that appellant has failed to comply with the appropriate appellate rules. Though appellant has perhaps failed to follow technical procedure heretofore, in some instances, considered material on appeal, we do not consider that he has failed to sufficient degree to require dismissal of his appeal.

■ The error charged is that the trial court abused its discretion in the two aspects of the decree relating to the award of property and alimony and support. The assignments of error all relate to the abuse of discretion as a matter of law. If assignments of error argued in bulk are so related as to present a single question, it is proper to group them for argument and even if one of the assignments be not well taken, review of the other assignments will not be pretermitted. Allison v. Acton-Etheridge Coal Co., Inc., 289 Ala. 443, 268 So.2d 725. It is clear to the court from assignments of error and argument what the appellant complains of on appeal. It appears from her brief that appellee was fully aware of the issue presented and she has ably responded. Under these circumstances, it is within the discretion of this court to consider the appeal on its merits. Daniel v. Matthews, 46 Ala.App. 568, 246 So.2d 457; Lindsey v. International Shoe Co., 45 Ala.App. 566, 233 So.2d 507.

The appellant does not attack the divorce or the award of the children to the mother. The decree in such aspect will not be discussed. The evidence was sufficient to support these awards.

Appellant charges error in the decree on the ground that the court in awarding support and alimony and divesting from him all title to real estate owned by him abused its discretion.

The testimony as to the financial position of appellant is lengthy and confusing. His arrangements with his company are unusual in that he states he borrowed money on his real estate and furnished some $68,000 to the company. The company in turn increased his salary equal to the sum necessary to make the payments on the mortgage on the property. He purchased stock in the company for $48,000 and sold it back for $10.00. When the money borrowed is repaid, appellant's salary reverts to the former amount of $18,500 a year. We see no need for enumerating all of the various tendencies of the evidence as to income and indebtedness of appellant, nor the stated requirements and needs of appellee. We have carefully reviewed the evidence in relation to the charge of abuse of discretion in rendering the decree. We find no such abuse except in one aspect thereof which shall be presently stated.

■ The decree insofar as it requires payment of child support of $138.00 per week is not unreasonable. The requirement of payment of alimony in the amount of $75.00 per month is not unreasonable. The maintenance of a home, caring and providing the necessities for six children is not an easy task. Appellee is not employed

and has no skill for any particular employment. Therefore, the financial burden of support of the family must continue to fall upon appellant. The sum provided for this purpose by the decree is minimal and in line with the income of appellant.

The portions of the decree requiring transfer of title to the family automobile, maintaining of hospitalization insurance, and assignment of policies of life insurance to appellee during minority of the children are not unreasonable.

The granting of alimony and support and the division of property in a divorce decree is a matter within the discretion of the trial court. Such discretion is disturbed on appeal only if from the evidence it appears that such discretion has been exercised in an arbitrary and unjust manner. Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

The only portion of the decree which we find to be unjust and plainly unfair in the light of the evidence is that which divests from appellant all title to the real estate and vests title in appellee.

The evidence showed that appellant owned either in his own name or jointly with appellee 66 acres of land. All of this property had been given or nearly given, the parties by appellant's parents. There is a 36 acre tract, a 10 acre tract and a 20 acre tract. The partially completed home of the parties is located on the 20 acre tract. The home is valued at $30,000. The acreage at $1,000 or more per acre. Conservatively, the house and its 20 acre tract should have a value of $50,000. Some of the land is subject to the mortgage previously mentioned. Appellant is charged with payment of all indebtedness. According to the evidence, appellant owns no other real estate. In this case we consider it error for the court to have totally stripped him of all his property while at the same time requiring him to pay substantial support and release the real estate from all indebtedness. It is therefore the opinion of this Court that the decree must be reversed in that part requiring the divesting of title of appellant in all of the real estate. We find that title only as to the 20 acre tract upon which the home is located should be divested from appellant and vested in appellee. Title or interest of appellee in the remaining 46 acres should be vested in appellant.

It is therefore ordered that the decree of the trial court is affirmed in all parts except Paragraph Sixth. Paragraph Sixth is reversed except that part requiring appellant to be responsible for and pay the mortgage payments upon the real estate. The cause is remanded for the entering of a decree in accordance with the directions contained herein.

Affirmed in part, reversed in part, and remanded with directions.

The Court acknowledges the assistance of T. WERTH THAGARD, Supernumerary Circuit Judge, in the preparation of this opinion. Judge THAGARD is serving as a judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended, and this opinion is hereby adopted by the Court.

WRIGHT, P. J., and BRADLEY and HOLMES, JJ., concur.