306 So.2d 13

**William Otha HOPPER**

v.

**Eleanor Tobias HOPPER.**

**Civ. 290.**

Court of Civil Appeals of Alabama.

Sept. 4, 1974.

Rehearing Denied Oct. 23, 1974.

Paul E. Skidmore and George W. Nichols, Jr., Tuscaloosa, for appellant.

Ralph W. Walker, II, and Ralph Gerald Walker, Marietta, Ga., for appellee.

BRADLEY, Judge.

The appeal is from a modification of that part of an original divorce decree relating to child support and visitation privileges.

The original divorce decree was rendered by the Circuit Court of Perry County on December 21, 1966, and provided, among other things, that the mother was to have custody of the children, child support of $300 per month, and reasonable visitation privileges for the father. The wife was awarded $9,000 as a property settlement and $6,500 as payment in full of all marital obligations.

In June 1970, pursuant to an agreement, the decree was modified to allow the mother and children to move to Marietta, Georgia. The visitation arrangement was that the mother was to take the children from Marietta, Georgia to Oxford, Alabama, where they would be met and picked up by the father.

In May of 1972 there was another modification of the decree, also by agreement. whereby each child would, upon reaching age sixteen (16), be permitted to choose with which parent he or she wished to live. The father also was required to contribute $1,000 per year to the college education of each child.

The appellant father, in March 1973, filed a petition for modification (1) seeking a discharge from his obligation to support those of his children who had finished

high school but were not enrolled in college; (2) to permit him to select the college to be attended by each of his children; (3) to find that appellee mother was financially able to support the children who were living with her and to contribute to the expenses of those children attending college; and (4) to return a life insurance policy on his life.

The appellee filed an answer and then cross-petitioned wherein she asked mainly (1) for an increase in child support from $60 a month to $125 per month for each child; (2) for $2,500 per year toward the college expenses of each child; (3) payment of the travel expenses for each child when they visited their father; and (4) the payment of court costs and attorney's fees.

On July 30, 1973 the trial court entered a decree in which appellant was ordered to pay toward the support of each of the three youngest children $100 per month until each of them finished high school, reached twenty-one years of age, or married, whichever occurs first. Should any of these three children enroll in college, appellant is required to contribute $1,800 per year toward their college expenses. This amount shall be paid for each child attending college and until he or she reaches twenty-one years of age; however, should either of the two girls, prior to reaching age twenty-one, marry during the time they are attending college, the $1,800 payment for that girl shall cease.

As to the oldest child who has completed high school, the court ordered appellant to pay $100 per month toward her college expenses until May 1, 1974, when she becomes twenty-one years of age. This money shall not be paid if the child is not enrolled in college, marries, or is working.

The appellant was also ordered to contribute $100 per month toward the payment of the college expenses of the next oldest child who had also graduated from high school, with the stipulation that he was to receive this money so long as he was attending college and until he reached his twenty-first birthday.

The court further ordered that the children were permitted to visit their father by public or private conveyance at his expense and that the mother was no longer required to transport them to Oxford, Alabama for delivery to the appellant.

The court then fixed a fee for appellee's attorney at $750 and required appellant to pay one-half of it. He was also required to pay one-half of the court costs.

The motion for a new trial was denied and this appeal was taken from the decree of July 30, 1973.

The facts reveal that the parties to this case were married in 1952 and divorced in 1966. There were five children born of this union.

At the time of the divorce, the parties were living in Perry County, Alabama. The appellant was teaching at the University of Alabama, where he was an assistant professor of English earning a yearly salary of about $6,500. The appellee had at the time of the divorce completed the requirements for a masters degree. After the divorce she continued her pursuit of a higher education by acquiring a doctorate from the University of Alabama in physical education and recreation. During this time she was earning between $1,000 and $2,400 per year for teaching while continuing her studies.

At the time of the divorce the appellant owned eight hundred ninety-seven acres of land in Perry County, Alabama valued at about $36,000. There was also a house on this property built during the marriage, valued at about $25,000.

The appellant testified that the property was mortgaged after the divorce for about $70,000. Since that time his indebtedness has been reduced to about $35,000, through the sale of timber in the amount of $55,000

and the sale of a building and seventy-seven acres of land for $15,000.

At the time of the hearing on this last modification request, appellant testified that he was earning $11,500 from the University of Alabama as an assistant professor, but that he had just been promoted to an associate professorship and expected an increase in salary. The appellant did state that he had a heart condition that would limit his future earning prospects; however, the evidence did not reveal any earning loss. He said his expenses exceeded his income, with the major portion going to pay for the child support and interest on his indebtedness.

The appellee since the divorce has been employed at Kennesaw Junior College in Marietta, Georgia where her yearly income is now about $12,500. Appellee earned her doctorate after moving to Georgia. Appellee stated that she purchased a house in Marietta, Georgia for $35,000 and the mortgage is now $29,000. She said she has about $1,800 in a savings account and $200 to $300 in a checking account. She did say that her expenses exceeded her income.

Appellant says that the evidence is insufficient to support a finding of changed circumstances sufficient to warrant a modification of the original decree as to child support payments.

■ The trial court has the power and authority to modify the amount of a child support award where changed conditions warrant it. Whitt v. Whitt, 276 Ala. 685, 166 So.2d 413. The movant for a child support award modification has the burden of showing such changed circumstances as to authorize the relief sought. See Clarke v. Clarke, 47 Ala.App. 558, 258 So.2d 902. And the modification of a prior support award is mainly an exercise of judicial discretion and will not be overturned on appeal unless it can be shown that the court plainly and palpably abused that discretion. Sellers v. Sellers, 50 Ala.App. 158, 277 So. 2d 616.

■ A father's duty to contribute to the maintenance of his minor children is not limited to his income but may extend to his entire financial assets and resources. Cowen v. Cowen, 259 Ala. 37, 65 So.2d 196. The original decree required appellant to pay $300 as support for his five children. This payment amounted to $60 per child. At the time of the divorce, appellant was earning $6,500 per year from the University of Alabama. He was also the owner of eight hundred ninety-seven acres of land valued at $36,000 plus a house worth at least $25,000.

At the time of the modification hearing, appellant was earning $11,500 at the University of Alabama and had just been promoted to an associate professorship with an expectation of an increased salary. He was also the owner of eight hundred twenty acres of land valued anywhere from $100,000 to $300,000 with a $35,000 mortgage outstanding on it.

The modification decree appealed from required that he pay $300 per month toward the upkeep of the three youngest children. This amounted to an increase of $40 per month per child.

■ By a prior modification of the original decree to which appellant agreed, he was to pay $1,000 per year toward the expenses of each of his children attending college. A father of minor children over sixteen years of age whose custody has been reposed in the mother may properly be required to contribute toward the cost of their college education. Ogle v. Ogle, 275 Ala. 483, 156 So.2d 345. His oldest child had, just prior to the filing of the petition for modification in March 1973, enrolled in college and was receiving the stipulated amount. The next oldest child, a son, had finished high school but had not enrolled in college. He was not, as a consequence of the terms of the modification decree appealed from, receiving any support whatever from his father, the appellant here, for the reason that said decree

required that he be enrolled in college after graduation from high school in order to receive further support payments.

On May 1, 1974 the oldest child reached twenty-one years of age and under the terms of the most recent decree is not legally entitled to receive any further support from the appellant.

Should the next to oldest child enroll in college this fall of 1974, he will, under the last modification decree, receive $100 per month while in college. He will be twenty years old in November 1974, so the payments would continue for just over a year and then cease, assuming the son remains in college all that time; if not, the payments will stop sooner. The amount ordered to be paid to this child for college expenses is just $200 a year more than what appellant had agreed to in 1972. And as this court said in Clarke v. Clarke, *supra*, we take judicial notice of the greatly increased cost of living in the last two or three years, including the cost of sending children to college.

■ We therefore conclude that the $200 per year increase for college assistance for the next to oldest child is not unreasonable, and the trial court did not abuse its discretion by increasing the amount to be paid toward this child's college expenses.

The total amount for the support of the three youngest children while still in high school is $300 per month. No change from the total amount fixed in 1966, and which was paid by appellant on about one-half of the earnings he now enjoys.

The only real increase in support required of appellant is an additional $600 per year for each of the three youngest children if they decide to attend college, and the Supreme Court of Alabama held in Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35, that the court could properly consider the probable future needs of minor children. We interpret "needs" to include a college education. See Ogle v. Ogle, *su-*

*pra*. Should they not attend college after finishing high school, all support from appellant ceases once they reach twenty-one years of age, or, in case of a girl, marry, whichever occurs first.

■ Again in view of the increased cost of attending college these days, we do not consider $1,800 per year for that purpose unreasonable. We would point out that appellant testified that he would expect it to cost $2,000 per year should one of his children decide to attend the University of Alabama where he could obtain reduced tuition and book costs.

We would further note that appellant's earnings have almost doubled since 1966 and will increase in the future; also his real estate holdings have greatly increased in value. It is obvious then that appellant's financial circumstances have changed, but the change has been for the better, not worse. Hence we must conclude that the trial court did not err in this aspect of its decree.

The appellant also contends that the appellee should be required to contribute to the support of the five children.

■ Appellee testified that her expenses exceeded her income. She and the five children had been living together in the house she was buying, and she was paying the mortgage payments, the insurance, and the taxes on it. In addition, she was providing the food for them to eat; paying for the children's medical and dental expenses; furnishing the clothing for them to wear, and taking care of the other necessary expenses incurred by her teen-age children. The evidence shows, we believe, that the appellee has been contributing to the upkeep of her children to the best of her ability and utilizing all of her resources to this end. She testified that her expenses exceeded her income and it was obvious from the record that the bulk of the expenses were for the maintenance of the four children. What more could she do?

■ In view of all the evidence before the trial court, we are not convinced that it plainly and palpably abused its judicial discretion by fixing the child support payments for each of the three youngest children at $100 per month, and, should they wish to attend college, requiring that they be awarded $1,800 per year for their college expenses. Neither does the requirement that the next to oldest child's college expenses be increased $200 per year so long as he is in college attendance indicate an abuse of the trial court's discretion in this regard. Furthermore, the evidence is ample to support the findings of the trial court as set out above.

Appellant says that the trial court erred in requiring that the children be authorized to visit him by public or private conveyance at his expense. The evidence showed that the two oldest children were in their late teens or early twenties and had their own automobile. The other three children were in their teens and were able to travel by public conveyance.

■ Much discretion is left to the trial court in the settlement of the child visitation privileges to be reposed in each parent, especially where the court has had the benefit of the testimony of the parents and some of the children. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772. In this case we find no abuse of that discretion.

Appellant contends next that the trial court erred in requiring him to pay one-half of his wife's attorney's fee where she had savings of about $2,000 and he had none.

■ The present proceedings are the result of the appellant's request that the original decree be modified. In its decree concluding the present modification proceedings, the trial court ordered that appellee's attorney be awarded the sum of $750, one-half of which was to be paid by appellant.

In Silver v. Silver, 269 Ala. 517, 113 So. 2d 921, the Supreme Court said that the trial court was in a better position than it to decide whether or not the husband was unable to pay the wife's attorney fee or whether she really had need of such an award.

So, in the instant case, we conclude that the trial court was in a better position than we to decide the wife's need for an attorney fee and whether appellant should contribute to its payment. No error here.

■ We believe an allowance to appellee of $300 for the services of her attorney on this appeal to be appropriate. Cochran v. Cochran, 49 Ala.App. 178, 269 So.2d 884, rev'd. in part, 289 Ala. 615, 269 So.2d 897, on remand 49 Ala.App. 749, 269 So.2d 905. It is so awarded.

No reversible error having been shown, this case is affirmed.

Affirmed, with an allowance for an additional attorney's fee.

WRIGHT, P. J., and HOLMES, J., concur.