331 So.2d 740

**James V. DICKSON**

v.

**Anita Elizabeth DICKSON.**

**Civ. 734.**

Court of Civil Appeals of Alabama.

March 24, 1976.

Rehearing Denied April 28, 1976.

Kenneth Cooper, Bay Minette, for appellant.

Arthur C. Epperson, Foley, for appellee.

BRADLEY, Judge.

This is the former husband's appeal from a property division contained in the parties' divorce decree. The divorce was granted on December 2, 1975 by the Circuit Court of Baldwin County. The divorce was awarded on the ground of incompatibility of temperament. There is ample evidence in the record to support the dissolution of the marriage; thus, the only question before us is whether or not the property division is equitable.

The evidence, taken ore tenus, reveals the following:

The property disposed of by the decree consisted of the house wherein the parties lived during marriage, and which was recently damaged by fire; the furniture and personal property in that house; the forty acres of farmland on which the house was located, deeded jointly to husband and wife; the livestock, equipment, and supplies used in the farming operation; a truck; and a trailer. The wife was awarded the house, furnishings, and land; the husband received the remainder of the property. The wife was ordered to pay off the $10,000 mortgage outstanding on the realty. The wife had testified that $5,000 of this mortgage had been incurred to finance a truck for the husband, but the husband's testimony contradicted this statement.

The parties were married for thirty-four years prior to the divorce. The wife, appellee here, is fifty-two years old. She testified that she worked and took home $141 after deductions, every two weeks. She is under a doctor's care. She has had major surgery once and may require an-

other operation. She pays $103 per month in automobile payments. The wife further testified that the husband had cleared the forty acres himself and had made the farm into "a nice place." She testified that she had bought most of the furniture with her own money, and that she had helped her husband "get ahead" by paying for all groceries.

The husband testified that he received $760 per month federal disability payments. These payments are non-taxable. Aside from the disability payment he reported $1,875 taxable income from his farming operation on his 1974 income tax return. He did not plant a crop in 1975 and will not report any income for that year.

The husband's farming operations include watermelon, corn and soybeans; thirteen head of cattle; pecans; and a small stable of stud and racehorses. The farm property in question is devoted mainly to crops. The husband does not graze the cattle on this land, but has them at a neighboring pasture owned by a friend. The horses are for the most part stabled at the farm, but two of them are presently quartered at a racetrack in Florida

The husband testified that, in his opinion, the value of the property awarded the wife, which cost $20,000 twelve years ago, was $60,000, while the value of his award was about $10,000, including $1,100 for the stud, two mares and two colts.

The testimony of the wife did not place a total value on the property, but it did dispute the husband's valuation of several individual items he was awarded, reflecting her opinion that the items were worth several times the husband's estimate. The wife's testimony in this area included the opinion that the stud horse alone was worth $2,200, and that the trailer was worth $5,000 as opposed to the husband's estimate of $2,500. The evidence as to the actual value of the property disposed of by the decree is thus in conflict.

The wife also stated that the husband had allowed one racehorse worth $10,000 to die of starvation while he was in a prolonged state of inebriation. She testified that her husband had been arrested numerous times for drunkenness, and has been hospitalized three times for treatment of alcoholism.

The husband testified that he did not believe he could share the farmland with the wife because of the hostility between them. The wife stated that she wanted to continue living on the farm because that was her accustomed home.

It is the husband's contention on appeal that the relative size of his award, coupled with the loss of land on which to employ his equipment, is an abuse of the trial court's discretion.

The division of property in a divorce proceeding does not have to be equal; it should be equitable, *Pope v. Pope*, 268 Ala. 513, 109 So.2d 521. The award lies within the sound judicial discretion of the trial judge, reviewable only for abuse, *Hallman v. Hallman*, 51 Ala.App. 460, 286 So.2d 863. Where the trial judge sitting without a jury has heard the evidence ore tenus, as here, the findings are entitled to a favorable presumption, and should be set aside only where plainly and palpably erroneous, *Body v. Body*, 47 Ala. App. 443, 256 So.2d 184.

Consideration of all the evidence in the record reveals nothing to persuade us that the trial court abused its discretion or rendered an inequitable decree. The decree of the trial court is affirmed.

AFFIRMED.

WRIGHT, P. J., and HOLMES, J., concur.