346 So.2d 459 (1977)
Robert Frank GODEC
v.
Nancy Ann GODEC.
Civ. 997.
Court of Civil Appeals of Alabama.
May 25, 1977.
*460 John L. Capell, for Capell, Howard, Knabe & Cobbs, Montgomery, for appellant.
Maury D. Smith and Charles S. Coody, Montgomery, for appellee.
BRADLEY, Judge.
This is an appeal by the husband from that portion of a divorce decree awarding alimony and child support to the wife.
The parties to this appeal were divorced by the Circuit Court of Montgomery County by a decree dated August 25, 1976 on the grounds of incompatibility of temperament and irretrievable breakdown of the marriage. The wife was awarded $500 per month periodic alimony, custody of a minor son, certain real and personal property, $150 per month as child support for the minor child, and $1,500 for an attorney's fee. The decree also directed the husband to pay to the wife $150 per month as periodic alimony for one adult son and one son eighteen years old "for so long as [they] shall attend college," and to ". . . designate each child beneficiary of life insurance in a sum of not less than $15,000.00, and [to] continue the said policies in force until each of the said children shall have completed college if so enrolled and otherwise until they have attained the age of nineteen years." The husband appeals from this decree. The facts of the case will be discussed as they relate to the issues.
The first issue the husband raises is the requirement that he pay to the wife as periodic alimony $150 per month for each of the two oldest sons "for so long as they shall attend college." At the time of trial the oldest son, aged nineteen, was a student at the University of Virginia and had just completed his freshman year. To meet the son's college expenses the father had contributed $150 per month, the mother had contributed from her savings, and the son had worked. The next oldest son, aged eighteen, had been accepted at Ohio State University and was planning to enroll there. The youngest son was still in high school.
The father concedes that a father can be required to contribute to a minor child's college education, Ogle v. Ogle, 275 Ala. 483, 156 So.2d 345 (1963); Hopper v. Hopper, 54 Ala.App. 144, 306 So.2d 13 (1974). However, he vigorously argues, once that child reaches his or her majority the father ceases to have any legal responsibility for the child's education. He says that the provision in the divorce decree awarding to the wife as periodic alimony $150 per month for each of the two sons "so long as they shall attend college" is an effort by the trial court to avoid this limitation on the father's legal responsibilities to his offspring.
We agree with the father that his duty to contribute to his sons' college education ceases when the boys reach majority. A father has a continuous legal obligation to support and maintain his minor children. Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1967); Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854 (1966). However, that responsibility ceases as each child reaches his or her majority, see Atkins v. Curtis, 259 Ala. 311, 66 So.2d 455 (1953). Furthermore the Ogle and Hopper decisions, supra, speak only in terms of a father's obligation to his minor children and thereby limit their scope of application to minor children.
According to Title 27, Section 26, Code of Alabama 1940 (Recomp.1958) (Supp.1975), *461 the age of majority in Alabama at the present time is nineteen years. Therefore, the father has no legal responsibility to contribute to the college education of his oldest son, who is nineteen years old. The father can be required to contribute to the college education of the eighteen year old son until he reaches majority; however, once the son becomes nineteen the father no longer is legally responsible. See Hopper v. Hopper, supra.
The next question that must be answered is whether this legal exoneration from support responsibility on the part of the father can be avoided by requiring him to pay the ex-wife certain sums as periodic alimony during the time an adult child is enrolled in college.
Periodic alimony for an ex-wife, as we understand the interpretation placed thereon by the supreme court in Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974), is solely for her current and continuous support and maintenance. It does not appear to us that the requirement that the husband pay to the wife as periodic alimony $150 per month for as long as the oldest son, who is an adult in Alabama, attends college is for the wife's support and maintenance. What the wife needs for her maintenance is not dependent upon whether her son is in college, especially since the son is not living with her but is attending college in a distant city. We think the award obviously was intended as a contribution to the adult son's college education. Consequently we conclude that the trial court erred in ordering the husband to pay $150 per month to the wife for the oldest son's college education.
For the same reason we think the requirement that the father pay to the wife $150 per month as periodic alimony so long as the second oldest son is in college is also in error. This aspect of the decree must be corrected to show that the father is required to contribute $150 per month to the college education of the second oldest son during his minority, since the father cannot be required to contribute money to this child's education once the child reaches his majority.
The husband also contends that he cannot be required to maintain in force and effect life insurance policies for the benefit of his adult children. We agree. We have already stated a father is not required to support children who are no longer minors. This court has upheld the requirement that a father maintain insurance policies for the benefit of minor children only, Romei v. Romei, 53 Ala.App. 391, 300 So.2d 834, cert. den. 293 Ala. 772, 300 So.2d 837 (1974); Hardy v. Hardy, 46 Ala.App. 253, 240 So.2d 601 (1970). See 59 A.L.R.3d 9, § 7. We therefore conclude that a father cannot be required to maintain in force insurance policies for the benefit of his adult children. That aspect of the decree requiring this of the father is reversed.
The next issue raised by the husband concerns the division of the parties' property, both real and personal.
In Dickson v. Dickson, 57 Ala.App. 732, 734, 331 So.2d 740, 742 (1976), this court said:
"The division of property in a divorce proceeding does not have to be equal; it should be equitable, Pope v. Pope, 268 Ala. 513, 109 So.2d 521. The award lies within the sound judicial discretion of the trial judge, reviewable only for abuse, Hallman v. Hallman, 51 Ala.App. 460, 286 So.2d 863. Where the trial judge sitting without a jury has heard the evidence ore tenus, as here, the findings are entitled to a favorable presumption, and should be set aside only where plainly and palpably erroneous, Body v. Body, 47 Ala.App. 443, 256 So.2d 184."
In Hamaker v. Hamaker, 57 Ala.App. 333, 338, 328 So.2d 588-592 (1975), cert. den. 295 Ala. 404, 328 So.2d 594 (1976), we said:
"The factors to be considered in determining the property settlement include the earning capacity and future prospects of the parties, their ages, sex, health and station in life, how long they were married, whether there are children to support, and the conduct of the parties with reference to the cause of the divorce, Tyler v. Tyler, 52 Ala.App. 430, 293 So.2d 856."
*462 The parties were married for twenty-one years and had three sons who were nineteen, eighteen and fourteen years of age at the time of trial. The husband and father is a colonel in the United States Air Force with over twenty years of service. The wife and mother has been mainly a housewife but has during the marriage completed the requirements for a bachelor's degree in business administration. The health of both parties is good except that the husband is a diabetic.
The marriage had been deteriorating over a period of years, due mainly to the conduct of the husband. The wife testified that the husband would come home drunk at all hours of the night and would become abusive. On several occasions he physically assaulted her. The evidence shows that he had a close relationship with other females during the last few months of the marriage.
The trial court ordered the husband to convey his interest in the parties' jointly owned home in Virginia to the wife and directed the wife to assume payments on the mortgage. When the parties purchased the home the wife contributed $8,500 from her own funds and the husband contributed $1,900. The husband agreed at trial that if the house were sold, the sum contributed by the wife should be returned to her after satisfaction of the indebtedness and payment of costs of the sale and before a division of proceeds; under this circumstance it appeared only a nominal sum would remain to be divided between the two.
The trial court awarded to the husband a 1975 Oldsmobile and to the wife a 1972 Oldsmobile and a 1967 Volkswagen, used primarily by the sons. The wife was required to assume the outstanding indebtedness on the 1972 Oldsmobile. That car had been purchased with money borrowed against two insurance policies given to the wife by her father and owned solely by her.
The husband was given one hundred eighty-eight shares of stock which the parties had purchased during their marriage. The wife was given four hundred forty-one shares of stock, some of which she inherited from her mother and some of which had been purchased with earnings from the inherited stock. The wife also received ninety-six shares of stock given to her by her father during the parties' marriage.
The husband was given the household furnishings which he took with him when he moved from the parties' home. The wife was given the remainder.
The husband apparently thinks the trial court erred by not making a fifty-fifty division of property. However, as quoted above, such a division is clearly not required. It appears that the trial court primarily returned to the wife full ownership of that property given to her but which the parties jointly owned due to their marital status. The trial court did not err in its award.
We understand the husband's final issue to be that he objects to the award of an attorneys' fee for the wife's counsel because there was no proof of the reasonable value of the services rendered by her attorneys. In support of this contention, the husband cites Jeter v. Jeter, 36 Ala. 391 (1860), and its holding that:
"The allowance of a solicitor's fee stands upon a different footing. That must be restricted to the actual reasonable value of the services rendered, or to be rendered. The chancellor, therefore, erred in allowing the fees of the wife's solicitors, without proof as to their proper amount, and without an inquiry through the register. The chancellor did not have before him the facts necessary to enable him to determine the amount of the fees. 2 Barb.Ch.Pr. 268." 36 Ala. at 405.
The supreme court in Hodson v. Hodson, 276 Ala. 227, 232, 160 So.2d 637, 641 (1964), said:
"The holding in the Jeter case stating that solicitors' fees in a divorce case cannot be allowed, `without proof as to their proper amount, and without an inquiry through the register' is overruled."
But it also said:
"We are not to be understood as intimating that proof of reasonableness is *463 abolished. It is the right of either or both parties to present such proof, and it is the right of the trial court to call upon the parties to furnish such proof if he considers it necessary. But we will not reverse a decree merely because there was no proof of reasonableness of the amount awarded as attorneys' fees." 276 Ala. at 232, 160 So.2d at 641.
In Ledyard v. Ledyard, 46 Ala.App. 27, 237 So.2d 511 (1970), the appellant complained that the trial court erred because it failed to award an attorney's fee. We said there was no merit to the complaint because no proof had been offered to support an award of an attorney's fee. We did cite the above set out portion of Jeter to support the conclusion that the trial court had not erred in refusing to award an attorney's fee because there was no proof of the reasonable value of attorney's services. However, in view of the supreme court's holding in Hodson, Ledyard is not to be understood as requiring proof of the reasonable value of an attorney's services in order to support an award of a fee. We find no error in the trial court's award of an attorney's fee.
For the errors hereinabove pointed out, the decree of the trial court is reversed and the cause remanded for the entry of a corrected decree in keeping with the principles enunciated in this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
HOLMES, J., and PAUL, Retired Circuit Judge, sitting by special appointment, concur.
HOLMES, Judge (concurring specially).
The evidence would have sustained an award to the wife of monthly periodic alimony in an amount of $800. In fact, there was testimony supportive of an award in excess of $1,000. The decree specifically provides that $300 of the $800 is contingent upon the continued college attendance by two of the husband's children, one who had attained majority at the time of the decree and one who would do so within one year thereafter. In light of the express language of the decree, the conclusion is inescapable that this $300, to the extent that it was to be paid to the wife after the sons were 19 years old, constitutes payments for the support of adult children. Under the circumstances of this case, the trial court was without authority to require such payments. Put another way, the trial court cannot accomplish its laudable objective by calling that which is child support periodic alimony. This is particularly true in this instance where the trial court specifically and graphically dictates what in fact it is doing.