WRIGHT, Presiding Judge.
Plaintiff brought suit for divorce with alimony and division of property. Divorce with alimony and sale and division of jointly-owned realty was granted to her. She appeals. We affirm.
Two issues are presented by the appeal. It is first charged that the trial court erroneously prevented plaintiff from presenting evidence of property purchased during the marriage and the appreciated value of the property.
We have looked to that part of the transcript wherein plaintiff charges erroneous ruling of the trial court. We find a colloquy between counsel and the court concerning presentation of evidence relating to the purchase price of property and sums paid for improvements. The court suggested that more evidence on the subject might be “whipping the dog,” as it was going to be sold and the proceeds divided. Counsel agreed that further testimony was unnecessary under such circumstances and proceeded to other testimony without any offer of proof, stated objection or a ruling by the court.
It is clear from what we have related, no error may be contended on appeal. Ordinarily, in the absence of an objection to a ruling of the court and a statement of grounds of objection, there is no ground for appeal. Rule 46, ARCP. Though there is no longer necessity for saving error after an adverse ruling by recording a formal exception to the ruling, it remains necessary to enter an objection and state grounds therefor. We find neither a ruling nor objection thereto in the record.
The remaining issue is whether the trial court abused its discretion in not awarding plaintiff more of the property accumulated by the parties during the marriage.
Plaintiff recognizes that the division of property in a divorce action is a matter for the exercise of the discretion of the trial court, subject to review on appeal only for gross abuse. Dickson v. Dickson, 57 Ala.App. 732, 331 So.2d 740 (1976). We have reviewed the record and find absent therefrom any evidence as to present value of either the real estate and its improvements or of various items of personal property. The evidence as to purchase price in past years is of no assistance to our review. In view of the state of the record this court cannot find the trial court has abused its discretion.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.