WRIGHT, Presiding Judge.
Defendant appeals from the alimony and property division provisions of a divorce decree. The issue is whether the awards of alimony and property are excessive and constitute an abuse of discretion. Our review of the evidence brings us to the conclusion that the judgment of the trial court is supported by legal evidence and is not so unjust as to be an abuse of discretion. Romei v. Romei, 53 Ala.App. 391, 300 So.2d 834 (1974). We affirm.
In order that our affirmation may be better understood we will give a brief factual background: The marriage of the parties had endured for thirty-one years. There was a son born who is now of age. As is the case in many marriages today, as the “golden” years approached, the relationship that had survived the “struggling” years began to deteriorate and incompatibility set in. The wife charged that neglect and rumors of other women caused her to seek satisfaction through divorce.
Plaintiff was trained as a secretary prior to her marriage and had worked to aid defendant through college. At his insistence she did not work after he became able to support the family except for some part-time work in recent years.
The husband is employed by the Agricultural Extension Service. His present salary is $1,450 gross and $1,040 net per month. There is a home valued at $35,000 with an indebtedness of $3,000. The wife works for a church and nets $58 per week. The husband could retire in February 1978 with retirement pay of ten to fifteen percent less than his present salary. The court ordered the home be given in fee to the wife. She is obligated to pay the remaining indebtedness. The husband was directed to pay her $1,500 lump sum and $375 per month periodic alimony until the mortgage on the home is paid and $275 per month thereafter until the wife dies or remarries. The wife was given a 1970 Volkswagen and the husband a 1975 Pontiac. He. was ordered to pay costs and $675 as attorney fees.
Without calculation of percentage, it may readily be seen that the wife has béen given less than one-third of the income of the husband as alimony. Though she has been given the marriage home in entirety, the evidence disclosed that the husband had inherited real estate of approximately equal value. His retirement income is assured while she has no retirement benefits.
There is little precedential value in repeating at length what has been said in many previous cases concerning the discretionary authority of the trial court in the division of property and award of alimony in divorce cases. Novak v. Novak, 339 So.2d 77 (Ala.Civ.App.1976). There is nothing in the judgment of the trial court so unreasonable in light of the evidence as to constitute an abuse of discretion. We must therefore affirm.
The wife having requested that we grant her an attorney’s fee on appeal, it is the judgment of the court that she be awarded the sum of $325.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.