WRIGHT, Presiding Judge.
This is an appeal from a judgment awarding a divorce between the plaintiff, Vivian B. Gibb, and the defendant, Robert J. Gibb.
Mrs. Gibb filed her complaint for divorce in June 1982 and obtained a default judgment in July 1982. The Default Judgment was set aside upon motion of defendant in *454 August 1982. A trial was held in July 1985, and a Final Judgment of Divorce was entered. The judgment awarded all of the marital assets to the wife, together with alimony of $200 per month. Husband appeals, contending that the awards of alimony and property are excessive and constitute an abuse of discretion. We find no abuse of discretion by the trial court and affirm.
The case involves the following pertinent facts:
The parties married on December 2, 1961. They lived together as husband and wife until April 26, 1982. On the morning of April 26, Mrs. Gibb left for work as usual. She believed that her husband had also gone to work, until she received a phone call from his employer saying that he had not shown up for work. Gibb contacted his wife later that night from Kentucky and told her that he was going to Pittsburgh to work. During this conversation he stated that due to problems they were having that they should live separately for a period of time.
Gibb left his wife with the responsibility of a mortgage payment, two car payments, medical bills and living expenses for herself and their children. The evidence reveals that both parties had contributed to payments for the home, and that from 1982 to the present, Mrs. Gibb has made the mortgage payments. As a result of her husband’s departure, Mrs. Gibb was forced to obtain a second mortgage on the family residence to pay mounting bills and to purchase another automobile. She has also had to seek psychiatric counseling because of her husband’s abandonment. Since her husband’s departure in 1982, Mrs. Gibb has not received any support from her husband.
The award of alimony and the division of property in a divorce decree is a matter within the discretion of the trial court. Conwell v. Conwell, 56 Ala.App. 188, 320 So.2d 694 (1975). The discretion of the trial court will be disturbed on appeal only if it appears from the evidence that such discretion has been exercised in an arbitrary and unjust manner. Romei v. Romei, 53 Ala.App. 391, 300 So.2d 834 (1974). It is clear from the evidence that there has been no abuse of discretion by the trial court, and we must therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.