This is a domestic relations case.
The Circuit Court of Montgomery County found that the husband was in arrears in providing child support and the medical and drug expenses of the children and ordered him to pay these sums, as well as the wife's attorney fees. The husband appeals, and we affirm.
The parties were divorced on May 14, 1982. By the divorce decree, the husband was required to pay to the wife child support and the children's medical, drug, dental, and hospital bills. The husband filed a petition to modify the divorce decree on August 17, 1984. The wife cross-petitioned for arrearages in child support and in the children's medical and drug expenses and for attorney fees.
After an ore tenus hearing, the trial court found the husband to be in arrears in child support totaling $1,612. It further ordered him to reimburse the wife for medical and drug expenses incurred by the wife on behalf of the children. Attorney fees in the amount of $200 were assessed against the husband. The trial court ordered that the husband's income be withheld pursuant to Ala. Code (1975), § 30-3-61, for the collection of the sums adjudged against him. From this order the husband appeals.
The husband raises four issues on appeal: (1) that the trial court erred in awarding attorney fees to the wife; (2) that the trial court erred in awarding attorney fees given the lack of evidence supporting the reasonableness of such award; (3) that the trial court erred in awarding medical and drug expenses under the divorce decree when the reasonableness of said expenses was not proven; and (4) that the trial court erred in refusing to quash the process for income withholding pursuant to Ala. Code (1975), § 30-3-61, for medical and drug expenses and for attorney fees.
The husband's first argument is that the trial court erred in awarding attorney fees to the wife in the absence of a finding of contempt. We disagree. The husband initiated the present action by bringing a petition for modification of the original decree, which necessitated the wife's retaining counsel. It is well settled that the necessity of defending a petition for modification of a divorce decree may invoke the discretionary authority of the court to award an attorney fee. Slaton v.Slaton, 455 So.2d 34 (Ala.Civ.App. 1984); Hansen v. Hansen,401 So.2d 105 (Ala.Civ.App. 1981); Haynes v. Haynes, 360 So.2d 1016
(Ala.Civ.App. 1978).
The husband further argues that the trial court erred in awarding attorney fees due to the lack of evidence supporting the reasonableness of such an award. It is clear that attorney fees may be allowed in the discretion of the trial court without proof of reasonableness when the trial court has the entire record before it and determines that the circumstances justify an allowance of such a fee. Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637 (1964); Ray v. Ray, 379 So.2d 627
(Ala.Civ.App. 1980); Godec v. Godec, 346 So.2d 459
(Ala.Civ.App. 1977).
Furthermore, although the husband raised the issue of the reasonableness of the award of attorney fees on petition for new trial, it is not shown by the record that any evidence was put forth by the husband showing such an award of attorney fees to be unreasonable. The burden of proof was upon the husband to show the unreasonableness of the award given by the court. SeeBright v. Bright, 456 So.2d 1091 (Ala.Civ.App. 1984). Under such a state of the record, we have no alternative but to find no reversible error.
The husband's third argument is that the trial court erred in awarding medical and drug expenses under the divorce decree when the reasonableness of said expenses was not proven.
The husband cites numerous cases for his position that the reasonableness of said bills must be proven. We find these cases to be inapposite, as they are tort cases.
Furthermore, the wife introduced into evidence medical and drug bills incurred on *Page 597 
behalf of the children. The husband neither objected to this evidence nor offered evidence contradicting the reasonableness of said bills.
Thus, there is evidence which supports the decision of the trial court to award the wife the medical and drug expenses. We cannot say that such decision is plainly and palpably wrong, and we, therefore, will not substitute our judgment for that of the trial court. Lammons v. Lammons, 481 So.2d 390
(Ala.Civ.App. 1985).
The husband's final argument is that the trial court erred in refusing to quash process issued to the wife for the withholding of the husband's income.
The trial court, as indicated, entered an Order of Continuing Income Withholding for Support pursuant to Ala. Code (1975), §30-3-61. In the withholding order the trial court directed the husband's employer to withhold from the husband's income the judgment of $2,611.90 at the rate of twelve dollars per week. It is apparent that the $2,611.90 is comprised of the judgment of $1,612 for child support arrearage, $420 for medical bills, $379.90 for drug bills, and $200 for attorney fees of the wife.
Subsequent to the withholding order, the wife obtained, apparently pursuant to § 30-3-61, the issuance of a Process of Income Withholding for Support, which also covered the $2,611.90 judgment. The husband moved to quash this process, and his motion was denied.
This court frankly has some difficulty in discerning the exact nature of the husband's contention that the trial court erred in refusing to quash the process of income withholding issued to the wife. The process appears to be merely an unnecessary duplication of the trial court's previous order for income withholding. Clearly, the wife can only recover once. If there was any error in the court's refusal to quash the process, it would be merely a harmless error. See Rule 45, Alabama Rules of Appellate Procedure.
The only claim of any merit which the husband might be alluding to in brief appears to be that both the order for income withholding and the subsequent process are invalid insofar as they allow the withholding of income for the payment of medical and drug bills and attorney fees. The husband apparently attempts to argue that such items are not included within the scope of the income withholding statute, Ala. Code (1975), § 30-3-61.
Section 30-3-61 (a) states in pertinent part:
 "(a) [A]ny original decree, judgment or order issued by a court of this state for the payment of support, any decree or judgment entered pursuant to a petition to modify an original decree or award of support, any decree or judgment of contempt of court for failure to pay support as previously ordered by a court of this state or any decree or judgment for criminal or civil nonsupport shall include as a separate section a withholding order subject to subsection (c) of this section directing any employer of the obligor to withhold and pay over to the clerk of the court or the department of pensions and security, or its designee, whichever is appropriate, out of income due or to become due the obligor at each pay period, an amount ordered to be paid for support."
We find § 30-3-61 to be somewhat ambiguous and to require construction by this court as to what is meant by the term "support" as used therein. Ala. Code (1975), § 30-3-60 (8), does not provide much assistance, for it defines support merely as "[s]upport of a minor child."
It is this court's conclusion that § 30-3-61 authorizes the withholding of income under the circumstances of this case for the payment of the children's medical and drug expenses and the wife's attorney fees.
Statutes pertaining to child support are to be construed liberally for the welfare of the children. C. Dallas Sands,Sutherland Statutory Construction (4th ed.) § 68.06. This rule is consistent with the law governing child support in general, *Page 598 
which provides that the paramount consideration in determining the amount of support for minor children is the best interest and welfare of the children, while taking into account the parent's ability to pay. Edwards v. Edwards, 333 So.2d 597
(Ala.Civ.App. 1976). The amount of child support depends upon the needs of the children and the parent's ability to pay.Fricks v. Fricks, 428 So.2d 80 (Ala.Civ.App. 1983).
The above-stated rules clearly require an interpretation of §30-3-61 which would include medical and drug expenses of the children within the scope of "support" for which income may be withheld. Such is certainly the logical conclusion here where the husband was ordered in the divorce decree to provide for these expenses and had failed to do so.
With regard to the question of attorney fees, this court has repeatedly held that, in a case in which the husband unsuccessfully brings a modification petition to relieve himself of certain of his support obligations, the wife may be entitled to the attorney fees she incurs by having to defend herself. Slaton, 455 So.2d at 35; Ralls v. Ralls, 383 So.2d 857
(Ala.Civ.App. 1980); Hopper v. Hopper, 54 Ala. App. 144,306 So.2d 13 (Ala.Civ.App. 1974). Cf. Roberts v. Roberts,395 So.2d 1035 (Ala.Civ.App. 1981); Little v. Little, 368 So.2d 293
(Ala.Civ.App. 1979). Such were the circumstances faced by the wife in this case, and, as stated above, the trial court did not err in awarding her reasonable attorney fees.
In our opinion the only logical construction of § 30-3-61 is one which allows the trial court, when it has awarded a spouse attorney fees in a proceeding, as here, which is included within the statute, to utilize the statute for the collection of the fees, as well as the child support. To construe §30-3-61 otherwise would, in effect, hamper the ability of the spouse to whom child support is to be paid to effectively use the statute.
We conclude that, under the circumstances of this case, the trial court did not err in allowing the withholding of the husband's income for the collection of the judgment for the children's medical and drug expenses and the wife's attorney fees, as well as for the child support.
Counsel for both parties have requested attorney fees for their services rendered in connection with this appeal. In view of the entire circumstances of this case, these requests are denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.