EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support modification case.
The July 1988 judgment which divorced the parties also approved and ratified their agreement whereby the mother was granted child custody and the father agreed to pay child support of $100 per month. The mother’s recent petition prayed for additional child support and that the father be required to provide health insurance for the child and to pay all medical, dental, eye care, prescription drugs, and orthodontic bills for the son not covered by such insurance. After both parties testified before the trial court on May 21, 1987, a judgment was rendered on that date, increasing child support to $200 per month, ordering the father to pay $500 to the mother as an attorney’s fee, and denying all other relief. The father timely appealed after his motion for a new trial was denied by the trial court.
The following facts are revealed after reviewing the record in accordance with the attendant presumptions.
The son of the parties was ten years of age at the time of the divorce, and he is now fourteen. His needs have increased in the interim. Since the divorce, the mother’s household expenses have increased an average of $241 per month, and the child’s expenses average $256 higher each month. Her present household and child expenses are $1,389 each month, including house mortgage payments. While the mother had an excellent salary during the marriage, she lost that employment before the divorce and presently has take-home wages of $900 each month. Her income totals $1,000 monthly, including $100 from the father for child support. In order to cover her financial deficits, she has sold practically all of the assets which she was granted by the divorce judgment. The above expenses do not include her personal expendí- *62 tures for her clothing, automobile, food, makeup, drugs, or doctor bills, which she pays from earnings received from her moonlighting job of selling a line of cosmetics. The child presently needs orthodontic care and treatment which will cost between $1,000 and $1,500.
The mother testified that the father is an expert, experienced taxidermist. In 1982 he mounted at least 100 deer heads in her judgment, for which he received from $150 to $165 per head. In her opinion, the father earned more from his taxidermy work than was reported on his tax returns.
The adjusted gross income on the father’s tax returns was as follows: 1983— $2,191, 1984 — $9,958, 1985 — $5,385, and 1986 — $4,332. Those tax returns showed a profit in his taxidermy business of $892 in 1984, $2,800 in 1985, and $458 in 1986. The father contends that fifty-five deer heads were the most that he ever mounted in a year. He presently charges $175 per head. He also mounts fish, game birds, and other species of animals.
The father is forty-four years of age and apparently enjoys good health. A mortgage upon his taxidermy building, which he owns, was paid in full in 1984, the monthly payments thereon being $166 to that time. He owes no debts now. In addition to his taxidermy work, he has had various other jobs such as shipping and receiving, working in a steel mill, driving a truck, and operating IBM equipment. At the time of the trial, he drove his town’s garbage truck for the minimum wage.
The father is frugal, but possibly lacks ambition. He lives and sleeps in his shop. With regard to his taxidermy work he testified: “I’m not in it to be rich. I was bom poor and I guess I’ll die that way. I’m in it because I enjoy it.”
The father argues through his able counsel in a very interesting brief that the trial court abused its discretion in increasing child support and in awarding attorney fees to the wife.
The ore terms rule applies. Thereunder it is presumed that the trial court was factually correct and the final judgment will not be reversed on appeal unless it was so unsupported by the evidence as to be palpably wrong. Further, a trial court has the discretion to modify child support if a material change in the circumstances has occurred, and a trial court’s decision thereon will not be altered on appeal except for an abuse of that discretion. Spragins v. Spragins, 501 So.2d 478 (Ala.Civ.App. 1987). A trial court has the discretionary authority to award an attorney’s fee in proceedings to modify child support. Waltman v. Waltman, 480 So.2d 594 (Ala.Civ.App.1985).
After a careful review of the record, we are not convinced that the trial court abused its discretion in rendering the modification judgment or in ordering the payment of the mother’s attorney fees.
The judgment of the trial court is affirmed.
Since the father’s financial ability to pay has apparently been stretched to its limit, we disallow the wife’s request for an award of an attorney’s fee on this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.