285 So.2d 105

**Herbert Pitts CAMPBELL, Jr.**

v.

**Mildred Ezell CAMPBELL.**

**Civ. 158.**

Court of Civil Appeals of Alabama.

Oct. 31, 1973.

Howell, Johnston, Langford & Finkbohner, and John L. Lawler, Mobile, for appellant.

Billy C. Bedsole, Mobile, for appellee.

HOLMES, Judge.

This is an appeal from an allowance of alimony, division of property, and an award of attorney's fee, as provided in a decree of divorce granted appellee-wife on November 28, 1972. The aforesaid decree was rendered after a hearing *ore tenus*.

The parties were married in 1944 and lived together as man and wife until 1970 when they separated. There were three children born of the union, all three children being minors at the time of the divorce.

The appellant contends by his assignments of error that the trial court abused its discretion in the amount of the award to the wife and in the amount of the attorney's fee awarded to the solicitor for the wife.

The tendencies of the evidence reveal that the wife is forty-five years of age; has 80% hearing loss in both ears; is unemployed; and has had several operations in the last six years. Further, the evidence reveals that the husband is gainfully employed, earning approximately $800 per month with a take home pay of approximately $650.

The parties own their home with a value of between $13,000 and $20,000; seven subdivision lots of a value of $2,000 per lot; $18,000 to $19,000 in various savings accounts; and $6,000 in a credit union. The assets were accumulated by obvious thriftiness and hard labor and in considerable measure from inheritances by the husband prior to the divorce from members of his family, to wit, some $15,000. A portion of this inheritance was used to pay off certain indebtedness on the real properties of the parties and the remainder placed in savings. There is no indebtedness on the assets.

Based on the above, the trial court granted the divorce either on the ground of physical cruelty or adultery, as both were proved (the decree is silent as to the exact ground); awarded her custody of the three minor children; and provided $300 per month to appellee as alimony and child support; allowed the appellee and the children to remain in the homeplace; and further provided that when the children became self-supporting and the wife remarried, the homeplace was to be sold and the proceeds equally divided between the wife and the husband; gave to the wife four of the seven lots in the subdivision, the three remaining lots in the subdivision were awarded to the husband. The monies in the savings account ($18,000 to $19,000) was equally divided between the parties and the approximately $6,000 in the credit union was awarded in the ratio of 2/3 to the husband and 1/3 to the wife. Further-

more, the husband was required to pay a $1,500 attorney's fee to the attorney for the wife.

■ Appellant contends that in its award the court abused its discretion in that it did not make proper allowance for, nor give proper consideration to the fact that a large portion of the assets were accumulated through inheritance by the husband. In this instance we cannot agree.

As seen from the above, the estate, excluding the homeplace, had a maximum value of approximately $39,000. Of this, the court awarded the wife approximately $19,500, or one-half.

■ A division of an estate in a divorce proceeding is an adjustment of property rights and equities between the parties as shall seem just by the trial court. Such a division does not require an equal division of the estate, but one graduated according to the nature of the case. See Horsley v. Horsley, 50 Ala.App. 445, 280 So.2d 150; Lovett v. Lovett, 11 Ala. 763; Pope v. Pope, 268 Ala. 513, 109 So.2d 521; 27B C. J.S. Divorce § 291(1); 8 Ala.Dig., Divorce ⬤⟶252.

Here, in this instance, the parties acquired their properties by their joint efforts, inheritance, and individual efforts; all of these factors are to be considered by the court. There can be no mathematical formula to determine how the property should be divided.

In this instance, the parties had been married over twenty-five years. Their efforts were joint in maintaining and conducting all necessary transactions that accompany owning a home; in raising their children; and in saving money. Furthermore, the wife testified that a portion of the savings was accumulated by her good management of household expenses.

■ Certainly, there is no requirement that the trial court should attempt to set aside assets obtained in the past by inheritance or gift when these assets become the property of both spouses. It is for the trial court to make an equitable division according to the nature of the case.

It is the law of this state that on appeal we view a decree rendered after a hearing *ore tenus* as if it were a jury verdict, and will reverse such decree only if, after considering all the evidence, we conclude that it is clearly and palpably wrong. Body v. Body, 47 Ala.App. 443, 256 So.2d 184; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; Powell v. Powell, 285 Ala. 230, 231 So.2d 103. Here, in this instance, we cannot say the trial court was clearly and palpably wrong in the division of the property.

■ Appellant's other argued assignment of error is that the award of a $1,500 attorney's fee was excessive.

■ The law in Alabama provides that an allowance of an attorney's fee and the amount thereof in cases of this nature rest in the sound judicial discretion of the trial court. Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637. However, the factors to consider in making such an award are the labor and skill involved, the results of the litigation, and the earning capacity of the parties.

In this instance, we note that a *pendente lite* hearing was held, a trial on the merits was held, and the amount of assets involved was considerable. While the amount of the award of attorney's fee is extremely liberal, we cannot say the trial court abused its discretion.

■ The attorney for appellee has petitioned this court for an attorney's fee for representation of appellee on this appeal. In view of all the factors above mentioned, including the award to the wife and the award of the previous attorney's fee, the petition is denied.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.