310 So.2d 475

**Adie D. HELMS**

**v.**

**Eula L. HELMS.**

**Civ. 488.**

Court of Civil Appeals of Alabama.

March 26, 1975.

Cunningham, Bounds & Byrd, Mobile and Gulf Shores, and John T. Crowder, Jr., Mobile, for appellant.

Chason & Underwood, Foley, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a decree of divorce. Defendant in the proceeding below appeals from that part of the decree relating to division of property.

The parties were married in 1934. Plaintiff had been previously married and had one child. No children were born of this marriage. Defendant at the time of the marriage was in the Navy earning $84.00 per month. In 1942, plaintiff became employed in war-related industry and worked for some two years. In 1957, just prior to defendant's retirement from the Navy, plaintiff, using $6,500.00 saved by the parties built a duplex apartment in

Pensacola, Florida. The apartments were rented for $410.00 per month. It was sold in 1973 for $38,000.00. Other real estate purchases and construction of houses followed over the years. Title to all property was held jointly with right of survivorship. All bank accounts were joint. Plaintiff took the lead in such enterprises, overseeing the construction, purchases and sales. Defendant handled the book work, tax returns, check writing and securing building plans. He assisted in maintenance, repairs and landscaping. All household and living expenses came from defendant's retirement, disability and Social Security income.

Without itemization and relation of individual transactions over the years, we find from the evidence that as of June, 1974, the parties held joint title to real estate, bank accounts and mortgages of the total approximate net value of $250,000.00 to $275,000.00. The monthly income from payments on the mortgages jointly held by the parties was $1,599.00. Unpaid balance due to the parties on the mortgages totaled $121,540.00 as of June, 1974. The value of the home on Perdido Bay in Baldwin County was estimated to be from $75,000.-00 to $100,000.00. Adjoining lots were estimated to be of the value of $20,000.00. Value of other jointly-held real estate was stated to be $17,200.00.

By its decree, the court gave to plaintiff all the mortgages valued at $121,540.00, the home valued at $75,000.00 to $100,000.00, one-half the sale of the adjoining lots of the estimated value of $20,000.00, all the household furniture and equipment, and one-half of the joint bank accounts after payment of costs. Thus, the plaintiff was given some $236,000.00 in unencumbered real estate, mortgages receivable and cash. The defendant received one-half of the proceeds of the bay lots after sale, or approximately $10,000.00, plus some remaining vacant property of the value of $17,200.00, and one-half the joint bank accounts after costs are paid, or a total of

approximately $30,000.00. The evidence shows that at the time of separation defendant took possession of $31,000.00 in savings deposits. The evidence further shows that he paid various bills and paid nearly $15,000.00 on jointly held real estate. At the same time plaintiff was retaining all payments on the mortgages.

It is the disparity in division of jointly held assets accumulated during the marriage that defendant complains of on appeal. He charges that the court abused its discretion in making such division. Appellee defends the division by contending that the assets were accumulated primarily through her hard work and business acumen and that defendant had little to do with it. Appellee further points out that she is now unemployable, is 64 years of age, without income other than $65.00 per month Social Security; the divorce will remove benefits previously available to her as the wife of a retired service man, such as free medical and hospital care and pension rights in the event of death of her husband. She points out that defendant has an income of over $800.00 per month for life with all retirement benefits.

On appeal, a decree rendered after hearing ore tenus is presumed correct and will not be disturbed if supported by the evidence. Butler v. Butler, 274 Ala. 352, 148 So.2d 638. The division of property and fixing of alimony in a divorce case is within the sound discretion of the trial court. The exercise of such discretion is reviewable only for determination of arbitrariness and palpable abuse. Hallman v. Hallman, 51 Ala.App. 460, 286 So. 2d 863. There are no fixed rules for determining the amount of alimony or the division of property, but each case must be decided on its own facts and weighed by its own equities. Self v. Self, 49 Ala.App. 665, 275 So.2d 345. The division of an estate accumulated by the parties during marriage is not required to be divided equally upon divorce. Helms v. Helms, 50 Ala.App. 453, 280 So.2d 159.

■ After considering the evidence generally related hereinabove and as additionally discussed hereafter, in conjunction with the above-stated principles for review, we conclude that the trial court abused its discretion in the division of the property and assets of the parties in its decree.

For nearly 40 years the parties lived together as husband and wife. They lived from the income of the husband with some additional income from the wife. Until the husband retired or was about to retire from the naval service, they owned neither house nor property. In 1957, with their small savings, they began a building program. There is no serious dispute that the beginning was a joint effort, though led by the wife. Through the years the effort continued joint as exemplified by the fact that title to property as well as to receipts therefrom was always joint. It was not until the present net estate of over a quarter million dollars was accumulated that discord and division occurred.

The evidence tends to show that the plaintiff wished to carefully hoard and add to what had been accumulated. The defendant wished to enjoy some of the fruits of their efforts. This disagreement appears to have brought about the separation. Such is evidenced by the statement of the wife that—"He wanted to have a good time; he said, 'I want to go out dancing a couple of times a week; I want to travel; I want to do this and that,' and it about scared me out of my wits, because we just reached the age when we didn't have to worry about money problems; we had a good life. . . . We have become incompatible because all he wants to do is have a good time."

Recognition of joint ownership is further shown by the complaint initiating the divorce proceeding. Plaintiff requested the court to divide the estate or the proceeds of a sale thereof equally between the parties, though she asked for additional award of alimony.

Recognizing that the defendant has a retirement income of some $800.00 per month and that plaintiff after divorce will have no income other than what is derived from the estate and small Social Security, we consider that denuding defendant of practically all of his interest in the estate is unjust and arbitrary. We can conceive of no equitable cause for giving to plaintiff nearly 90% of the quarter million dollar estate which produces income approximately twice the income of defendant. We perceive it to be unfair to give to plaintiff all the income-producing assets and also the home of the value of $75,000.00 to $100,000.00, to live in alone, while defendant is without a home.

It is the opinion of this court that a fair and just division is for the decree to stand as rendered except for the award of the home to plaintiff. We consider that a sale of the home, together with the sale of the adjoining lots with an equal division of the proceeds of such sale between the parties is mete and proper. Therefore, we reverse that part of the decree awarding the home to plaintiff and direct the trial court to amend its decree to require the sale of the home together with the adjoining lots with an equal division of the net proceeds of such sale between the parties. All other provisions of the decree are hereby affirmed.

Affirmed in part and reversed in part and remanded with directions.

BRADLEY and HOLMES, JJ., concur.