325 So.2d 185
**Gerald Lawrence MULLINAX**

v.

**Carol Anthony MULLINAX.**

**Civ. 612.**

Court of Civil Appeals of Alabama.

Jan. 7, 1976.

Kenneth L. Funderburk, Phenix City, for appellee.

John T. Kirk, Montgomery, for appellant.

WRIGHT, Presiding Judge.

This is an appeal by the husband from a decree granting a divorce, effecting division of property, awarding lump sum alimony in gross, child support and attorney fees. After considering the evidence in light of the presumption of correctness of a decree rendered after oral hearing, we affirm. *Hallman v. Hallman*, 51 Ala.App. 460, 286 So.2d 863.

The husband primarily charges error in the division of property. The trial court gave custody of an 18-month-old

**678**

daughter to the wife. It also gave to the wife title to the home and its furnishings. The award of the family home to accompany the granting of custody of minor children is a common thing in divorce cases. The parties owned two pieces of real property, the home and a rental residence. There was no evidence of value of either. The court gave the rental property to the husband. Each property was encumbered by a mortgage. The burden of payments of the mortgage on each property fell upon the respective grantee. There is no evidence that such property division was unfair or unjust to the husband. His contention that the properties were purchased with his sole funds is not a cause for reversal. It is seldom that marital property is purchased with funds specifically earned by the wife. The source from which property comes may be considered along with other circumstances in effecting an equitable division but it is not controlling upon the court. *Helms v. Helms*, 54 Ala.App. 551, 310 So.2d 475.

The division of property, granting custody and award of alimony are matters of discretion for the trial court. Each case is decided upon its own facts without fixed rules, subject only to review upon an absence of support by the evidence, arbitrariness, and palpable abuse of discretion. *Helms v. Helms, Supra*; *Self v. Self*, 49 Ala.App. 665, 275 So.2d 345.

 The husband complains that the awarding of the sum of $174.00 monthly as child support was an abuse of discretion. We do not agree. The evidence discloses that the father is employed as manager of a manufacturing plant earning between eighteen thousand and twenty thousand dollars per year in salary and bonus. He has an interest in another enterprise. In view of his earnings, the support award is most reasonable. The responsibility of support for two children by a prior marriage in the amount of $200.00 per month does not render the award in the present case unreasonable.

We find no reason for discussion of the testimony relating to the cause of the breakdown of the marriage. There is no charge that the divorce was erroneously granted.

Affirmed.

BRADLEY and HOLMES, JJ., concur.