WRIGHT, Presiding Judge.
Both parties appeal from a judgment of modification of an original decree for alimony-
The parties were divorced by decree of January 28, 1967. By agreement incorporated in the decree, the wife was given custody of three minor children. She was given the home and furnishings together with various other personal property including bonds and six life insurance policies. The husband agreed to pay 28.23% of his income as alimony and 20.31% as child support. He was to maintain health insurance, a $10,000.00 life insurance policy on his life with the wife as beneficiary, and pay one-half of medical bills for the children above the insurance coverage.
Husband is employed by the United States Public Health Service. Over the years his income has increased from some $11,000.00 to over $25,000.00 per year. He faithfully maintained payments under the agreement except for a deficiency arising from disagreement as to what constituted income for alimony purposes. The judgment appealed from required the husband to pay to the wife the sum of $7,901.70 as arrears. That amount has been paid and is not involved in the appeal.
The children have reached majority and no longer receive support. The former wife has a master’s degree and presently earns over $13,000.00 per year. She has been employed as a teacher since the divorce. She is in good health, draws some $700.00 per year in interest from insurance policies. Her alimony at the time of the hearing was $592.00 per month. Her total income from employment, interest and alimony is over $20,000.00 per year.
The former husband has remarried and has a four-year-old child. His wife does not work.
After hearing the testimony orally, the court modified the payment of alimony from 28.23% of husband’s gross income to $175.00 per month. It is from this order that each party appeals. The wife contends she should continue to receive the full amount. The husband contends that the wife no longer needs alimony and it should have been totally eliminated.
This is an unusual case in several aspects. For ten years the husband has faithfully paid nearly 50% of his gross income to his wife and children together with other contributions. His income has more than doubled during that time and thus his payments to his family. There have been no *412 court battles to alter or enforce payments. Except for an incorrect interpretation of the meaning of gross income by the husband, payments were properly made. The husband has now paid in cash over $7,000.00 to the wife to correct the misinterpretation. The wife has had a substantial income of her own since the divorce, and now makes over half as much as the former husband without benefit of alimony.
We have carefully considered the evidence in light of the presumption that the judgment of the trial court after oral hearing is correct. Helms v. Helms, 54 Ala.App. 551, 310 So.2d 475. It is not the province of this court on appeal to substitute our view of the testimony for that of the trial court. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558. That court has broad discretion and will not be reversed except for palpable abuse. Sellers v. Sellers, 50 Ala.App. 158, 277 So.2d 616. We find no such abuse in the judgment below. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.