This appeal is from a decree of the Circuit Court of Marion County divorcing the appellee and appellant Mullins, granting custody of these parties' minor children to the appellee-wife, requiring the appellant-husband to pay child support, awarding the wife alimony in gross, and ordering the public sale of certain land. This decree was rendered almost nine months after an ore tenus hearing before the court.
It appears that a rift developed in the marital relationship of the actual parties to this appeal long before the present proceedings were initiated. Eleven years after the parties' marriage, in December 1971, the wife obtained a divorce by default. The husband did not appear in that proceeding, apparently because the wife informed him she did not intend to pursue matters to a final divorce. When the husband received the divorce decree, the wife insisted that she did not want the divorce and that he should remain in the household. Thereafter the parties lived together as man and wife until the wife left the parties' home in March 1974. Subsequently the wife began the present proceeding.
Neither party disputes the fact that a common-law marriage existed between the parties from December 1971 until the second divorce was granted in March 1976. Thus we proceed to decide the merit of the appeal from the second divorce decree.
The notice of appeal is filed on behalf of the defendants, Dan Mullins, First Federal Savings Loan Association of Hamilton, Alabama, and William T. Hunt. However, the issues presented in brief question only the rulings of the trial court relative to the marriage relationship of Dan Mullins and Anne Mullins, and our review will be directed to only those issues.
The husband contends here that the decree is void in toto because of the trial court's delay in rendering judgment. That contention failing, he charges error in the decree in that the trial court abused its discretion in making the award of alimony in gross and ordering the sale of land at public outcry. We find no merit in any of appellant's contentions and affirm the trial court.
A hearing at which both parties appeared and testified was held before the court on June 30, 1975. The final decree of divorce was rendered on March 23, 1976. The husband would have us nullify the decree because rendered in violation of Rule 58, ARCP. He cites no authority for applying this drastic remedy but does refer us to Equity Rule No. 68 found in Title 7, Code of Alabama 1940 (Recomp. 1958). What may have been a remedy under the old rules of equity we need not consider since those rules have been superseded by the Alabama Rules of Civil Procedure. *Page 513 
Rule 58, ARCP, does not set forth a time limit within which a judgment is to be rendered. The only reference to time is found in Section (c) of the rule, which directs the clerk of the court to enter the judgment "forthwith" upon the rendition of the judgment. However, the committee comments state:
 "The rules intend that judgment shall be rendered
and entered simply and quickly. Thus while the court can delay rendition of judgment in order to prepare a separate written document, pursuant to Rule 58 (a)(2), this course should not be followed where an immediate notation on the bench notes will serve as well." (Emphasis added.)
There is no language, either in Rule 58 or the committee comments, which provides a basis for the remedy sought by appellant. Even though it would appear from the record before this court that the spirit of the rule was violated by the trial court because of the long delay in rendering its decree, we do not believe the decree can be voided as suggested by appellant.
Appellant-husband next contends that the trial court erred in its award of alimony in gross to the wife. The trial court gave to the wife as alimony in gross all of the personal property then in her possession and one-half interest in the proceeds from the sale of certain land owned by the husband.
It appears from the evidence that when the wife moved out of the marital home she took with her all the household furniture and furnishings except a chair, a sofa, some carpets and a freezer. Since that time she has made all the payments on the furniture from her own earnings. These were the items awarded to the wife.
It appears from the evidence that the husband owned eighteen acres of land deeded to him by his father and on which is located the house where the couple lived prior to their separation. However the wife testified that she and her husband owned this parcel of property together. The evidence also reflects that the husband received some land from his father's estate. The husband was an only child and his mother predeceased his father. The record is unclear as to what interest, if any, the wife might have in this land. All of the land is mortgaged. The eighteen acre tract is mortgaged with an outstanding balance of about $2,000; the other land is mortgaged with an outstanding balance of about $36,000. The trial court awarded the wife one-half interest in the proceeds from the sale of this land.
Since the divorce decree of which the husband complains was entered after a hearing where both parties as well as other witnesses testified, we can reverse on appeal only if it appears from the evidence and all reasonable inferences which can be drawn therefrom that the decree is plainly and palpably wrong. Walker v. Walker, 56 Ala. App. 98, 319 So.2d 718 (1975), and cases cited.
The division of property and determination of alimony are matters which lie within the sound discretion of the trial court. That discretion will not be reversed except for arbitrariness and palpable abuse. Clary v. Clary, 56 Ala. App. 494, 323 So.2d 380 (1975); Capra v. Capra, 56 Ala. App. 90,319 So.2d 286 (1975). There are no fixed standards for determining the division of property and the amount of alimony; each case must be decided on the basis of its own facts and circumstances. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348
(1969); Self v. Self, 49 Ala. App. 665, 275 So.2d 345 (1973).
There are two aspects of the alimony in gross grant: the award of personal property and the award of proceeds from the sale of the husband's real property. With regard to the personal property, the wife was given most of the household furniture and furnishings. Subsequent to the parties' separation she alone made payments on the furniture. The husband testified that the parties had worked together during the marriage to build up their savings and, it may be presumed, to acquire their personal property. The wife participated in at least two of the husband's prior *Page 514 
business adventures, partially by traveling and establishing wig shops in various locations. The division of property acquired by the parties during their marriage is not required to be on an equal basis. Helms v. Helms, 54 Ala. App. 551,310 So.2d 475 (1975); Stewart v. Stewart, 241 So.2d 490 (Ala. Court of Civil Appeals, 1977). Thus we cannot say that the trial court plainly and palpably erred in its award of most of the household furniture and furnishings to the wife.
The other part of the alimony in gross award is the requirement that land owned by the husband be sold and half of the proceeds from the sale be given to the wife. The husband, relying primarily on Romei v. Romei, 53 Ala. App. 391,300 So.2d 834, cert. den. 293 Ala. 772, 300 So.2d 837 (1974), claims that the trial court's decree in this respect was unjust and plainly unfair in that it stripped him of all lands inherited from his family.
We find the husband's reliance upon the Romei decision misplaced. There the trial court divested the appellant of title in all property he had acquired from his family and vested title in his wife, while at the same time requiring the husband to pay off the indebtedness on the property. Here the trial court ordered the land sold and the proceeds from the sale divided equally between the husband and wife after the existing mortgage is satisfied. The husband is not being divested of all his property but rather is an equal beneficiary in the sale of the land.
While the source of the marital property may be considered, along with other circumstances, in effecting a division of that property, it is not controlling upon the court. Mullinax v.Mullinax, 56 Ala. App. 676, 325 So.2d 185 (1976); Campbell v.Campbell, 51 Ala. App. 295, 285 So.2d 105 (1973). We do not think the trial court acted arbitrarily or unfairly by ordering the sale and division of the land owned by the husband merely because the husband inherited the land from his father. The court determined, in a question propounded by it to the husband while on the witness stand, that the husband's only estate at the time of the divorce was minimal sums in a savings account and a checking account, and the land in question. In Hager v.Hager, 293 Ala. 47, 299 So.2d 743 (1974) the court said at293 Ala. 55, 299 So.2d 750:
 "`Alimony in gross' is the present value of the wife's inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband's present estate as it exists at the time of divorce."
Thus, the trial court clearly did not abuse its discretion, but rather took the only course open and made the alimony in gross award from the only estate owned by the husband.
The husband's final contention is that the trial court reversibly erred in ordering the land sold at public outcry and within forty-two days of the date of the final decree. He argues first that there was evidence at trial that the land contains rich coal deposits and that it was an abuse of discretion to have such valuable land sold in a manner calculated to bring a price far below his estimation of the actual worth of the land. The land was sold for assumption of the mortgage plus $200. The husband says that the only benefit to the parties was the $100 each received, and the true beneficiaries are the mortgagee and the person who bought the land. We do not agree since the husband has also been relieved of a $36,000 debt.
Nor was the value of the land obviously apparent from the evidence. The only testimony concerning the worth of the land was that of the husband, who said that three or four independent persons had determined that the coal under the land in question could not be mined economically. He also stated that the eighteen acre parcel of land, including the house, was worth between $15,000 to $20,000. We cannot say, in light of these facts, that the trial court abused its discretion in ordering a public sale of the land. It should be noted that the husband did not act to protect his interest in the land by appearing and bidding at *Page 515 
the sale, although he had ample notice of the sale.
The husband also maintains abuse of discretion in that the sale was ordered and held within the forty-two days allowed for appeal from the final decree. He argues that this interfered with his right to appeal. The answer to the husband's contention is that the appealing party, not the court, has the burden of preserving the appeal. The husband could have protected his interest by filing a supersedeas bond, yet he did not. He cannot now correct this mistake by faulting the trial court.
The trial court having committed no error, we affirm.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.