WRIGHT, Presiding Judge.
This is a divorce case. The husband appeals from the judgment provisions awarding the wife attorney fees, periodic alimony and an automobile. We affirm.
The parties were divorced upon the petition of the wife alleging a state of incompatibility in the marriage of thirty-eight years due to the drinking and verbal abuse of the husband. The court heard the testimony orally and entered its judgment. There are no unusual facts to remove this case from the general rule that the judgment of the trial court is presumed correct on appeal and may not be reversed except when without support in the evidence or is clearly wrong and unjust. Weed v. Weed, 358 So.2d 459 (Ala.Civ.App.1978); Meyers v. Meyers, 55 Ala.App. 697, 318 So.2d 725 (1975). However, we will deal briefly with the issues presented on appeal.
The first issue is the correctness of i the award to the wife of a 1976 model automobile purchased from funds of the husband. The award of alimony and the division of property are matters within the discretion of the trial court. It is not cause for reversal that property awarded to the wife was purchased with funds belonging solely to the husband. Mullinax v. Mullinax, 56 Ala.App. 676, 325 So.2d 185 (1976); Helms v. Helms, 54 Ala.App. 551, 310 So.2d 475 (1975).
The issue of the correctness of an award,of attorney fees to the wife without proof of reasonableness has been answered by the decisions in Godec v. Godec, 346 So.2d 459 (Ala.Civ.App.1977); Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637 (1964). There was no error.
The issue of the constitutionality of the Alabama alimony statute has been previously answered by the court in the case of Orr v. Orr, 351 So.2d 904 (Ala.Civ.App.1977). That case is now pending before the U. S. Supreme Court. We further respond to that issue by citing the well known rule that constitutional questions will not be considered when first presented on appeal. Caylor v. Caylor, 344 So.2d 173 (Ala.Civ.App.1977).
Upon her request, the wife is awarded the sum of $500 as attorney fee on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.