This is a divorce case. The husband appeals from the trial court's division of property.
The parties were married in 1948. They lived together until 1968, when the wife moved to New York. The husband filed for divorce in 1977. The wife counterclaimed.
During the parties' marriage, both worked at relatively meager employment. The husband farmed, painted houses in the summer, and planted trees for American Can in the winter. The wife aided in farming, worked as a cook and contributed her wages to the family income.
Both husband and wife testified as to some violence against each other. The parties' adult daughter testified that the wife constantly ran around with men, and that she left for New York with another man.
The wife disputed the daughter's testimony. She said she did not leave her husband until 1970 and then because of his inability to provide for her and pay the bills.
The parties' primary assets were in real property. The husband inherited an undivided one-third interest in eighty acres of land and an entire interest in forty acres from his father, subject to dower and a life estate of his 89-year-old mother.
The parties built a house on the forty-acre tract. The husband, his mother, and the wife, resided in this house from 1952 until the wife left to go to New York. The husband, his mother, and daughter continue to live there. The husband testified that the house was constructed with $3,000 of his savings. The wife, however, testified that she and a man built the house where the husband and his mother still reside.
The parties also acquired title to a 113.2-acre tract in Marengo County during marriage. The husband testified that he purchased the land from E.V. Hosea for a consideration of approximately $800. A deed to the property from Hosea recited a consideration of $500. The husband said he paid cash for this property. The wife said she had no knowledge of any payment from the husband for this 113.2-acre tract and considered that it was a gift to her from Hosea, who had been her foster father. There was testimony that the wife had cut and sold timber from this land on three occasions, and that the husband did not receive any of the money from the sales.
The trial court after hearing the evidence ore tenus, granted the divorce requested by the husband on the ground of incompatibility.
The court vested title to the home, the forty-acre tract, the eighty acres, and an additional two acres in the husband. It vested title to the 113.2 acres in the wife. At the conclusion of the evidence, the court noted in remarks from the bench:
 "Now, I understand both sides of the issue in this case and I understand we're *Page 292 
not a community property state, but to me under these circumstance[s] and in view of the amount of money that was said was paid for the 113 acres of land, and in view of all the facts that I've heard, I think it would be a fair and equitable way to divide their property in which I understand that it has been more or less divided that way some ten or twelve years anyway. He hadn't had anything to do with the 113 acres of land and she hasn't had anything to do with the other land. He's lived in the house with his mother and daughter. So, I think that would be fair under the circumstances." (R. 78, 79).
The husband contends the trial court erred in considering, in its property division, the 120 acres which were inherited by the husband, and abused its discretion by awarding the remainder of the parties' jointly-held property, i.e., the 113.2-acre tract, to the wife. The husband also contends that since the wife only requested a division of property acquired during marriage and made no prayer for general relief in her counterclaim, while the husband did not ask for any property division in his complaint, the trial court erred by undertaking to divide anything other than the tract of 113.2 acres, all of which was given to the wife.
The husband's second issue is without merit. Rules 15 (b) and 54 (c) of the Alabama Rules of Civil Procedure eliminate the necessity of strict pleading of issues tried expressly or with the implied consent of the parties. In Awad v. Awad,54 Ala. App. 154, 306 So.2d 21 (1975), this court held that where there was an evidentiary basis, the trial court did not err in granting unrequested relief by way of child support, alimony, division of property and attorney fees.
In his first issue, the husband contends the trial court abused its discretion in the division of property. We are citedCreel v. Creel, 342 So.2d 793 (Ala.Civ.App. 1977), for the proposition that real property inherited by a party is not subject to a division upon divorce. In Creel, we did not consider a lot of the husband and a house and lot of the wife in the division of property because title of these properties was already vested in the individual parties. They were gifts or inheritances from their respective families. This was merely an equitable consideration and simplified the remaining division. We uttered no rule that would thereafter bind a trial court in making a property division. In Campbell v. Campbell,51 Ala. App. 295, 285 So.2d 105 (1973), we held there was no requirement that the trial court should attempt to set aside assets obtained in the past by inheritance or gift when these assets become the property of both spouses. It is for the trial court to make an equitable division according to the nature of the case. Campbell, supra.
In Mullins v. Mullins, 344 So.2d 511 (Ala.Civ.App. 1977), we said that while the source of the marital property may be considered, along with other circumstances, in effecting a division of that property, it is not controlling upon the court.
It is the law of this state that a division of property in a divorce case does not require an equal division of the estate but one graduated according to the nature of the case. Cobb v.Cobb, 352 So.2d 1384 (Ala.Civ.App. 1977). In Godec v. Godec,346 So.2d 459 (Ala.Civ.App. 1977), our court said that a fifty-fifty division of property was not required in a divorce decree, and that there was no error in a property division which primarily returned to the wife full ownership of that property given to her but which the parties jointly owned due to their marital status.
In the present case, after hearing the evidence ore tenus, the trial court rendered a decree that essentially vested in each party the property that it considered had been given to them or inherited by them during the marriage. The court noted that the small amount of consideration stated paid for the 113.2 acres was an important factor in its decision. It further reasoned that the parties themselves had apparently regarded the ownership of the various properties in this manner for some ten *Page 293 
or twelve years. In view of the long-standing rule in this state that the division of property between parties to a divorce is a matter resting largely in the discretion of the trial court, subject to reversal only for clear abuse or error, this decree is due to be affirmed. Jernigan v. Jernigan,344 So.2d 778 (Ala.Civ.App. 1977).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.