WRIGHT, Presiding Judge.
This is a divorce case. The issue presented is whether the trial court abused its *472 discretion in the award of alimony and the division of property.
The parties were married for more than thirty-one years. They are each fifty-one years of age. There were four children. One child, age twelve, remains dependent. The wife is in questionable health, having suffered a mastectomy and undergone chemotherapy. There was testimony that she was a diabetic, had ulcers and was arthritic. She has not been employed in recent years other than as secretary of a small closed family corporation.
The husband is employed with a construction company. He has been working in West Virginia for over two years. His gross wages were approximately $30,000 in 1977. His living expenses away from home in the approximate amount of $14,000 for 1977 were paid by his employer. He is furnished an automobile. He has received income from the family corporation until 1979 of nearly $12,000 per year.
The parties own a home appraised at $71,000 in 1978. It has a mortgage on it of some $14,000. There are savings accounts of approximately $16,000, three automobiles of recent vintage, assets of the family corporation including real estate valued at $17,000, and certificates of deposit held in trust for the children’s education. The husband owns stock in his employer of a market value of several thousand dollars.
The judgment below awarded custody of the minor child to the wife with regular periods of custody and visitation given to the father. There was awarded child support of $250 per month and alimony of $500 per month. The savings accounts were divided equally. The corporation was ordered dissolved with the interests of the husband and wife in the named assets declared to be sixty percent and forty percent respectively. Title to the home was given to the wife along with the responsibility for payment of the remaining mortgage indebtedness. The wife was given all of the household furnishings. The husband was directed to maintain hospitalization and major medical insurance for benefit of the child. The stock in the employer was ordered to remain the property of the husband. The wife was to be the irrevocable beneficiary of a $60,000 life insurance policy and the child the beneficiary of two $10,000 policies until she attained the age of majority. Each party was awarded an automobile. Other provisions of the judgment were not significant.
We have carefully read the testimony and considered the judgment in light of it. We have announced numerous times the principles surrounding our review of the discretionary order of a trial court granting or refusing to grant alimony and dividing marital property. Rather than repeat them here, we merely cite representative cases where we have stated them. Marks v. Marks, 365 So.2d 1231 (Ala.Civ.App.1979); Shaver v. Shaver, 365 So.2d 979 (Ala.Civ. App.1979), cert. denied, 365 So.2d 981 (Ala.1979); Shirley v. Shirley, 350 So.2d 1041 (Ala.Civ.App.1977), writ quashed, 350 So.2d 1045 (Ala.1977).
We find no palpable abuse of the discretion of the trial court in this case and affirm its judgment.
Appellee’s request for attorney’s fee on appeal is granted in the sum of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.