This is a divorce case.
The wife appeals, contending that the trial court abused its discretion in the award of periodic alimony and in the division of property. We find the trial court did commit reversible error in the award of periodic alimony and/or division of property.
Viewing the record with the attendant presumptions afforded the trial court, the following is pertinently revealed: The parties were married approximately fourteen years. Three children were born of the marriage, all of whom were minors at the time of the divorce.
The husband's father died in 1968, leaving the husband a substantial inheritance. The family's gross income for the six years immediately preceding the divorce averaged slightly in excess of $47,000 per year. Although the parties disagree over terminology, the husband's earned salary, on average, contributed approximately 23% toward this total while the "total cash received" from the inherited property contributed approximately 77%. Thus, even though the husband worked throughout most of the marriage, it is uncontroverted his inheritance was used to support the family's very comfortable standard of living. *Page 1158 
The wife did not work during the course of the marriage. However, before marrying the husband she did hold a job in which she did general office work. She ceased attending college on a regular basis when the couple married and has earned college credits which place her on the second semester sophomore level.
At trial, both parties gave testimony which tended to place blame of the marital breakdown on the other. The husband stated the wife spent money lavishly, dissipating the inheritance. He further complained that she failed to keep the family's house in even a modest condition of cleanliness, describing the house as being "like a pigpen."
The wife offered testimony which established the husband had committed adultery several times through the course of the marriage. She gained this knowledge due to a relationship the husband developed with a young woman who worked with him. The husband brought this young woman into the home on several occasions as a baby-sitter and something of a friendship developed between her and the family. Thereafter, this friendship broke off when the wife learned of the true nature of the relationship. Several months later, the husband moved out and took up residence with the young woman. The husband admitted to this affair and several others. He testified he intended to marry the young woman alluded to above.
The trial judge granted a divorce to the wife on the grounds of adultery and to the husband on the grounds of incompatibility.[1]
Under the decree of divorce, the wife is to receive $200 per month periodic alimony for a period of 121 months. The wife received custody of the three minor children and the husband is to pay $250 per month in child support for each child.
In effecting a division of property, the husband was awarded property held in his name which had a value of nearly $300,000. Of this, approximately $190,000 of the property is income producing. The wife was awarded property held in her name which was worth approximately $35,000. Some $13,000 of this property is income producing. The remainder consisted of two automobiles, two pistols, and the wife's jewelry.
The judge also ordered that certain jointly held property be sold with all encumbrances to be paid from the proceeds of the sale. This property includes the family's residence and those household furnishings not already awarded the husband. The decree is silent as to how the proceeds of the sale are to be disposed of after payment of costs and encumbrances. These proceeds should amount to approximately $90,000.
The wife appeals, contending the award of alimony and the division of property are so inadequate as to require reversal. Through able counsel, she argues the trial judge was led to such error due to his reluctance or refusal to consider the property inherited by the husband in fashioning the decree.
At the outset, we again quote the proposition that when a trial court renders a decree after an ore tenus hearing, the decree is presumed correct if supported by the evidence. Furthermore, the division of property and the amount of alimony are matters within the sound discretion of the trial court and we will not reverse unless there is a palpable abuse of that discretion. See, Marksv. Marks, Ala.Civ.App., 365 So.2d 1231 (1979); Malkove v.Malkove, Ala.Civ.App., 349 So.2d 52 (1977); 8 Ala. Digest Divorce
Keys 286 (2), (3), and (5). The exercise of this discretion, however, is judicial, not arbitrary, and is reviewable on appeal.Hardwick v. Hardwick, 55 Ala. App. 156, 314 So.2d 76 (1975).
Furthermore, each case must be decided on the basis of its own facts and circumstances. There are no fixed standards for determining either the amount of *Page 1159 
alimony or for dividing the parties' property. Helms v. Helms,54 Ala. App. 551, 310 So.2d 475 (1975). That is to say, the division of property does not have to be equal but is to be equitable and graduated according to the nature of the case. Campbell v.Campbell, 51 Ala. App. 295, 285 So.2d 105 (1973).
While the source of the marital property may be considered, along with other circumstances and factors, it is not controlling. Mullins v. Mullins, Ala.Civ.App., 344 So.2d 511,cert. denied, 344 So.2d 515 (1977). In making an equitable division of the property, there is no requirement that the trial court should attempt to put aside assets obtained in the past by inheritance or gift when these assets become the property of both spouses. Bouler v. Bouler, Ala.Civ.App., 366 So.2d 290 (1979);Campbell v. Campbell, supra. Thus, there is no error in ordering the sale and division of property owned by one party merely because that party inherited the property, provided the equities require such a step. Mullins v. Mullins, supra.
Consequently, the source of the property is merely one factor to be considered. Other factors to be considered are the future prospects of the parties, their ages, sex, health, station in life, how long they were married, and in appropriate cases, the conduct of the parties with reference to the cause of the divorce. Shirley v. Shirley, Ala.Civ.App., 350 So.2d 1041, cert.quashed, 350 So.2d 1045 (1977). Also, where there are minor children to sustain and rear, the well-being of the children is an important consideration. Ray v. Ray, Ala.Civ.App.,379 So.2d 627 (1980); Bailey v. Bailey, Ala.Civ.App., 345 So.2d 304 (1977).
It is clear to this court that the distinguished trial judge placed heavy emphasis on the source of the property in fashioning his decree. Indeed, the record indicates he follows a general policy of not dividing property inherited by either of the parties. In explaining this policy, the trial judge said, ". . . I could conceive of a case that you could show to the court that would cause that policy to change. I would say that it would be difficult. . . ."
This is not the burden which the law of Alabama places upon a party to a divorce in a case such as this. Other factors, apparently overlooked but equally important, were the lack of marketable skills of the wife, the children's need for care and support which encompasses a place to reside, the standard of living to which the wife had grown accustomed, and the fault of the husband in causing the divorce.
As indicated, the residence and furniture of the parties was to be sold. The decree is silent as the disposal of the proceeds of the sale. The husband received property worth roughly $300,000, the wife property worth approximately one-tenth that amount. Less than half the property the wife received was income producing.
The above, when considered with the amount of the award of periodic alimony, to this court, requires a finding of such an abuse of discretion as to require reversal.
The wife, who had become accustomed to a high standard of living during the marriage and had no marketable skills, was left with $200 per month periodic alimony. Said alimony was to terminate in 121 months. To this court, this is palpably insufficient. See, Shirley v. Shirley, supra.
What is more, the relative fault of the parties in causing the marital rift was apparently overlooked. If fault there be in the wife due to her spending habits and apathetic approach to household chores, it is certainly overcome by the husband's admitted extramarital affairs. This is especially so in light of his bringing his paramour into the family home under the guise of friendship. See, Foreman v. Foreman, Ala.Civ.App., 379 So.2d 89
(1980); Robinson v. Robinson, Ala.Civ.App., 381 So.2d 637, writdenied, 381 So.2d 641 (La. 1980).
We would add that we have not decided this case on authority of § 30-2-51, Code of Ala. 1975 (1979 Cum.Supp.), as amended by Acts 1979, No. 79-486, § 1. This statute became effective on July 27, 1979, after the submission of the case but before the decree *Page 1160 
was rendered. See, Smith v. Smith, Ala.Civ.App., 365 So.2d 88
(1978).
However, even if we were to apply this statute the result would be the same, for it states that in a divorce case the judge may not take into account any property acquired by inheritance or gift, "unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage."
Here, there was uncontroverted evidence, in this instance, the parties had used the inherited property and the income produced therefrom to support their chosen style of living. Thus, the factors we have found relevant in deciding this case should have been considered by the trial judge. The failure to do so, in this instance, amounts to reversible error.
We would be remiss in not commenting that we decline to set what this court would consider to be a proper amount to be awarded in the division of property and/or the amount of any award of periodic alimony. These specifics are best determined by the learned trial judge in light of what we have heretofore stated.
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.
 ON REHEARING
In this court's original opinion, we stated that the decree of divorce was silent as to how the proceeds from the sale of the parties' homeplace were to be divided.
Able counsel for the husband, in his brief in support of rehearing points out to this court that the above is incorrect. Counsel is eminently correct. The trial court amended its decree to provide that the proceeds from the sale of the home were to be equally divided.
The paragraph in question should read as follows:
"The judge also ordered that certain jointly held property be sold with all encumbrances to be paid from the proceeds of the sale. This property includes the family's residence and those household furnishings not already awarded the husband. The proceeds from the sale are to be equally divided. These proceeds should amount to approximately $90,000."
We do not find the above in any other aspect alters what we have heretofore stated.
OPINION EXTENDED. APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] The parties on this appeal make no point of the trial court's action in this regard. This court therefore makes no particular comment regarding this aspect of the decree. We would be remiss in not stating that this aspect of the decree is unusual. See,Cooper v. Cooper, 57 Ala. App. 674, 331 So.2d 689, cert. denied,331 So.2d 695 (1976).