WRIGHT, Presiding Judge.
This is a divorce case.
*128 Betty L. and Bobby N. Smitherman were married on June 22, 1956. Divorce was granted on December 1, 1982, on the grounds of incompatibility and adultery. In its decree the court granted the husband ownership of a 1973 Ford Torino and a 1966 Chevrolet pickup truck which were in his possession. It granted the wife the 1977 Ford LTD which was in her possession. All personal property located in the marital home was awarded to the wife. The court further granted the wife a sixty-five percent (65%) interest in the house and land owned jointly by the parties. The husband was granted the remaining thirty-five percent (35%) interest. The court found the house and land to have a fair market value of $80,000, encumbered with a mortgage. The wife was given a period of sixty days to purchase husband’s interest in the house. If she failed to do so, the husband was given the next thirty days to purchase her interest. If neither party bought the other’s interest within the ninety-day period, the house was ordered to be sold. The wife was awarded $600 as attorney fees. No periodic alimony was awarded.
The wife appeals, contending an abuse of discretion in the division of property and failure to award periodic alimony. She submits that in view of the finding of fault of the husband (adultery), the property settlement was unjust and inequitable.
In reviewing the trial court’s judgment for abuse of discretion, we presume the court’s judgment to be correct and will only reverse if it is so unsupported by the evidence as to be arbitrary and unjust. Bryant v. Bryant, 401 So.2d 65 (Ala.Civ.App.), cert. denied, 401 So.2d 67 (Ala.1981); Robinson v. Robinson, 381 So.2d 637 (Ala. Civ.App.), cert. denied, 381 So.2d 641 (Ala.1980).
The husband largely built the house with his own labor. The parties each contributed to paying the cost. The land was obtained from the husband’s family. For eight years he shared in payment of the mortgage and did the maintenance work though the wife has paid all payments on the mortgage for the last three years, since the husband left the home.
It is the duty of the trial judge to weigh the evidence and determine the equity in every divorce case. Each case stands upon its own facts. The division of property and the award of alimony are matters for the exercise of the trial judge’s judicial discretion. We disturb its judgment only for an abuse of that discretion or for an absence of supportive evidence. Mullinax v. Mullinax, 56 Ala.App. 676, 325 So.2d 185 (Ala.Civ.App.1976).
The wife is a teacher and has taught continuously during her marriage. Her monthly income is greater than the husband’s. There are no minor children of the marriage. Viewing the judgment in light of the evidence and the presumption accompanying it, we find no abuse of discretion.
Though we might have reached a different decision had we been sitting as trial judge, such is not grounds for reversal. Thompson v. Thompson, 377 So.2d 141 (Ala.Civ.App.1979). We will not substitute our judgment for that of the trial court. Id. The judgment of the trial court is affirmed.
The request of appellant for attorney’s fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.