The present issues as to this divorce case concern whether the trial court abused its discretion in the amount and duration of periodic alimony to the wife and in the division of property between the parties. The wife has appealed.
The determination of each of the issues now raised called for the exercise of the trial court's judicial discretion, and we cannot disturb that decision unless such discretion was palpably abused. A prolonged trial occurred before the trial court, and the final judgment is presumed to be factually correct and must be affirmed if it was supported by credible evidence. Spradlin v. Spradlin, 426 So.2d 462 (Ala.Civ.App. 1983).
The May 1982 final divorce judgment ordered the husband to pay $155 per month to the wife until the first month after she reached her sixty-second birthday. She became sixty-one years of age in April 1982. At first blush the amount and duration of periodic alimony seem inadequate. However, when the wife's needs and her income are analyzed, there was no abuse of discretion, and the trial court was not clearly wrong in that regard. The circuit court could have determined that her monthly expenses averaged around $840. In applying the ore tenus presumptions, certain aspects of the evidence indicate that her expenses are exceeded by the total of her rental house income, farm rents, interest income, and the awarded periodic alimony. At her election, she apparently became eligible to draw social security through her husband when she attained the age of sixty-two. We cannot disturb the periodic alimony award either as to its amount or duration.
By the divorce judgment the wife was awarded cash, the home and thirty-eight acres of land upon which it is situated, the *Page 266 
contents of the home, a rental house and lot in Elberta, and a forty acre farm. She inherited the Elberta house and lot from her father and it was valued at around $15,000. The trial court could have considered all of such items so granted to her to be reasonably worth approximately $320,000.
The husband's award consisted of cash, farm machinery, and four farms, all of which had a total value of around $475,000. The circuit court could have concluded that the husband's inheritance or gifts from his father was largely responsible for real estate of a value exceeding $300,000 which was included in the husband's portion of the property division.
The income from all inherited real estate of both parties was apparently used regularly for the common benefit of the parties during the marriage. Of jointly owned real estate, the wife received the homeplace valued at $154,600 and the husband was allocated seventy-eight acres with a value of about $156,000.
We are not authorized to substitute our judgment for that of the trial court as to the division of property, for to do so in this case would ignore, reject, or fail to apply the ore tenus rule. In divorce proceedings the division of property must be equitable according to the nature of the case but is not required to be equal. Bouler v. Bouler, 366 So.2d 290
(Ala.Civ.App. 1979); Cobb v. Cobb, 352 So.2d 1384 (Ala.Civ.App. 1977); Godec v. Godec, 346 So.2d 459 (Ala.Civ.App. 1977). From a concentrated study of the briefs, the record, and many precedents, we are not convinced that the trial court's division of property was inequitable. It is our duty to affirm the final judgment herein even though our view of the distribution of the assets of the parties differs from that of the trial court, for the circuit court's decision is supported by credible evidence and is not inequitable.
We would be remiss if we failed to commend the learned and distinguished counsel of each party for superior and most helpful briefs which were filed in this court on behalf of their respective clients.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.