HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties, effectuated a division of the property, and awarded the wife $500 per month periodic alimony. The husband was also ordered to pay the wife’s attorney’s fee.
The husband appeals pro se, contending that the trial court erred to reversal in its awards to the wife.
We find no error requiring reversal and affirm.
It is well established that the division of property and the award of alimony and attorney fees to the wife are within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
Moreover, in a divorce case when the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court’s decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
This court pretermits a detailed summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subject.
Viewing the record with the attendant presumptions accorded the trial court’s action, we note that the parties were married for thirty-eight years at the time of the divorce and that the wife’s chronic lung condition has required her being hospitalized semi-annually since 1981. In its decree the court fashioned a plan whereby there would be periodic sales of the substantial marital property in order to extricate the parties from their debts and to ensure that each party would retain adequate assets and security from a marriage of almost four decades. The decree further provides that the alimony payments will cease when proceeds from the sale of the property are used to retire a certain indebtedness of the parties and upon the transfer of that note and mortgage to the wife, who would then receive monthly proceeds therefrom. In short, we are not persuaded that the trial court’s judgment in this case constitutes a plain abuse of discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, i'll So.2d 445 (Ala. Civ.App.1985).
On appeal the husband cites a single case as support for his contention that the trial court erred. See Helms v. Helms, 54 Ala.App. 551, 310 So.2d 475 (Ala.Civ.App. 1975). That case is easily distinguished on the facts and barely suffices as support for an argument as required by Rule 28(a)(5), Alabama Rules of Appellate Procedure.
The wife has requested an attorney fee for representation on appeal. A fee of $750 is awarded.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.