INGRAM, Presiding Judge.
The parties were divorced in 1983. Pursuant to a 1989 order of the trial court, the marital home and adjoining acreage were sold. Using the proceeds from the sale, a mortgage of the property to the husband’s mother was extinguished, and other costs associated with the sale were satisfied. The remainder of the sale proceeds was deposited with the trial court for dispensation to the parties.
Following an ore tenus proceeding, the trial court awarded to the husband one-half of the net proceeds from the sale minus the amount of the mortgage. The trial court then awarded the balance of the net sale proceeds to the wife. The husband brings this appeal, challenging the trial court’s division of the proceeds from the sale.
The only issue raised in this appeal is whether the trial court abused its discretion in finding the husband to be solely responsible for the mortgage on the marital homeplace.
At the outset, we note that when the trial court makes its judgment based upon evidence presented ore tenus, that judgment is presumed to be correct and will not be disturbed absent a showing that it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ. App.1986). Furthermore, it is well settled that the division of property incident to a divorce is a matter which is within the sound discretion of the trial court, and a division of property by the trial court will not be changed except for an abuse of discretion. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App.1985). This division of property need not be equal, but only equitable according to the facts and circumstances of each case. Kaiser v. Kaiser, 434 So.2d 264 (Ala.Civ. App. 1983).
The decisions of this court on the issue of abuse of discretion by the trial court in property divisions pursuant to a divorce are legion. Therefore, we perceive no prece-dential value in relating all of the facts in this case. We do note, however, that there is ample evidence supporting the decision of the trial court.
Here, the record indicates that the trial court based its decision in part on the divorce decree itself, which provides that the proceeds from the sale of the home and adjacent land are to be divided equally between the parties. The decree further provides that the husband is to be responsible for the joint debts of the parties incurred during their marriage. We find that the trial court correctly interpreted these provisions to mean that the mortgage to the husband’s mother was to be satisfied out of the husband’s one-half of the sale proceeds.
After a careful reading of all of the evidence, and in light of the attendant presumptions, we find no palpable abuse of discretion by the trial court. Therefore, this ease is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.