ROBERTSON, Presiding Judge.
The parties in this divorce case, Sandra Jean O’Neal and Roy G. O’Neal, were married on October 27, 1972, and during their marriage they had two daughters. On March 25, 1991, the wife filed a complaint for divorce alleging incompatibility of temperament, and the husband responded with an answer admitting incompatibility and with a counterclaim alleging that the wife had committed adultery. The circuit court conducted an ore tenus proceeding on July 23-24, 1991. At the time of trial, one daughter was seventeen years old and the other was six years old.
On November 19, 1991, the trial court entered a judgment of divorce, which provided that the custody of the minor children be granted to the wife subject to reasonable visitation by the father. The court specified that the minor children would receive social security benefits in lieu of child support payments. The trial court ordered the wife to maintain hospitalization insurance on the minor children and provided that the father was responsible for any medical bills not covered by the insurance. The father was to name the minor children as irrevocable beneficiaries on his present life insurance program during their minority. The court divided all monies contained in certificates of deposit or investment accounts equally between the parties. The husband was responsible for the repayment of loans his father made to the couple during the marriage. The court designated a real estate agent and company to sell the jointly owned home-place, and the court provided any net proceeds would be equally divided. All monies received from fire insurance proceeds as a result of fire damage to the homeplace were to be equally divided between the parties. The furniture contained in the homeplace was equally divided. The wife received the cemetery lots, and she was responsible for all debts associated with those plots. The wife retained her interest in a 401K retirement plan. The husband and the wife kept their respective automo *1058 biles. The court made the husband responsible for all credit card debt. Finally, the parties had to bear the costs for their own attorney’s fee. The husband appeals.
The husband contends that the trial court abused its discretion in awarding custody of the minor children to the wife; that the trial court abused its discretion in its distribution of real and personal property between the parties; and that the trial court abused its discretion by requiring the husband to pay certain credit card debts of the marriage.
After an ore tenus divorce proceeding, the trial court’s judgment is presumed to be correct and will not be reversed on appeal unless it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). The trial court’s judgment as to custody, property division, and payment of marital debts are matters within the sound discretion of the trial court, and its judgment will not be reversed absent an abuse of that discretion. Lucero.
The legislative standard for determining custody of a minor child is set forth in § 30-3-1, Code 1975. The pertinent portion of this section reads as follows:
“Upon granting a divorce, the court may give the custody and education of the children of the marriage to either father or mother, as may seem right and proper, having regard to the moral character and prudence of the parents and the age and sex of the children....”
This statute gives the trial court broad discretion in determining which parent is best suited to retain custody.
In determining how to distribute marital property, the trial court may consider “the earning ability of the parties, their probable future prospects, their age, health, sex, and station in life, the duration of the marriage, and the conduct of the parties in relation to the divorce.” Farris v. Farris, 532 So.2d 1041, 1043 (Ala.Civ.App.1988). Also, the division of property in a divorce need not be equal, but only equitable according to the facts and circumstances of each case. Harris v. Harris, 570 So.2d 693, 694 (Ala.Civ.App.1990).
The payment of marital debts is within the sound discretion of the trial court in a divorce action, and its judgment on these matters will not be disturbed on appeal absent a plain and palpable abuse of discretion. Ex parte Jackson, 567 So.2d 867, 868 (Ala.1990); Kaleta v. Kaleta, 452 So.2d 1388, 1339 (Ala.Civ.App.1984).
The wife testified that she separated from her husband because of physical abuse, mental abuse, and incompatibility. In support of her claim of incompatibility, the wife testified that she and her husband didn’t agree on anything, and that her husband laid out in the sun at home and played while she worked. The wife and the husband both gave contradictory and conflicting accounts of each party’s marital fidelity and moral character. The husband alleged that the wife physically abused the six-year-old; however, there was no corroborating testimony concerning this alleged physical abuse. The trial court heard testimony from the wife and the seventeen-year-old daughter that the husband had the potential to be violent toward the wife. The seventeen-year-old daughter also testified that both the husband and the wife were good parents.
A further recitation of the facts in this case would serve no useful purpose. After a thorough review of the record, with the attendant legal presumptions, we cannot hold that the trial court abused its discretion, or that its judgment is plainly or palpably wrong or unjust.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.